IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, and JANE DOE,**<br><br>*Plaintiffs, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendants.* | CASE NO. 1:18-cv-01070 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF JANE DOE'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe ("Plaintiff"), through her undersigned attorneys, makes this Motion to Proceed Under Pseudonym and seeks permission to proceed temporarily in the above-captioned case as a pseudonymous plaintiff. This Court should permit Plaintiff Doe to protect her true identity from public disclosure at this time, lest her efforts to seek redress for the retaliation she has already experienced give rise to further harm to her mental health, her reputation and her career prospects.

**STATEMENT OF FACTS**[1]

Plaintiff was a Ph.D. student at Dartmouth College who was the victim of sexual harassment by tenured professors in Dartmouth's Department of Psychology and Brain Sciences (the "Department" or "PBS"). After Plaintiff participated in the Title IX investigation into sexual misconduct by these professors, Dartmouth expelled her from the PBS graduate program. Plaintiff is concerned that filing this Complaint under her true identity at this time will interfere with her physical and emotional well-being, and could impede her efforts to process, cope with, and recover

---

[1] These facts are derived from the allegations in the Complaint that is being filed contemporaneously with this Motion.

from the conduct described in the Complaint. Plaintiff is also concerned that she will suffer further retaliation and reputational harm if she reveals her true identity, compounding the harm she has already suffered.

Accordingly, Plaintiff respectfully requests that the Court permit her to proceed pseudonymously, until the Court orders her name to be disclosed. Under well-settled law and policy, there is good cause to grant Plaintiff this relief.

## LEGAL ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Even so, courts "approve[] of litigating under pseudonym in certain circumstances" in order to protect plaintiffs appearing in federal court. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *see also, Roe v. Wade*, 410 U.S. 113, 124 (1973) (hearing case with pseudonymous plaintiff without criticism); *Doe v. Bolton*, 410 U.S. 179, 187 (1973) (same). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3rd Cir. 2008). To proceed anonymously, a plaintiff must demonstrate that she has "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005) (internal quotation marks and citations omitted); *cf. Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 72 (1st Cir. 2011).

This Court has applied the six-factor balancing test utilized by the Third Circuit. *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018). Under that test,

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011)).[2]

Here, all relevant factors strongly favor permitting Jane Doe to proceed under pseudonym in this case.

***First,*** Plaintiff has taken measures to keep her identity secret. Plaintiff has not revealed her identity or otherwise sought publicity in this matter. Moreover, her participation in Dartmouth's Title IX was confidential. Accordingly, Plaintiff's identity has not been revealed and the first factor is satisfied. *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *5 (D.N.H. May 2, 2018).

***Second,*** Plaintiff Doe has compelling bases for proceeding pseudonymously. Because of the retaliation she has already experienced, Plaintiff is particularly vulnerable to retaliation and significant harm to her reputation and future educational and career prospects. *See* Exhibit A (Douglas Aff.) at ¶ 3. As this Court has acknowledged, "cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Dartmouth I*, 2018 WL 2048385, at *6 (quoting *Doe v. Colgate Univ.*, No. 5:15–cv–1069, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Involvement in sexual misconduct allegations

---

[2] This Court has also applied the balancing tests used by the Second and Fourth Circuits. "Although the factors in the tests are worded differently and are listed in different orders, the tests generally cover the same issues and concerns." *John Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-690-JD, 2018 WL 5801532, at *3 (D.N.H. Nov. 2, 2018).

implicates serious concerns about reputational harm and harassment that are "only exacerbated in the Internet age." *Id.* at *5–6. Internet technology "can provide additional channels for harassment and will connect [a] plaintiff's name to [sexual misconduct allegations] forever, whether or not he is successful in . . . litigation." *Id.* at *5. Accordingly, this Court and others have shielded parties from such harm. *See Id.* at *7; *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) (expressing "grave concern that [public identification] could exacerbate any psychological issues the plaintiff is currently experiencing"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (recognizing that internet technology can magnify retaliatory harms, particularly by facilitating community ostracism).

Moreover, the risk of further emotional harm to Plaintiff strongly weighs in favor of shielding her identify from public disclosure. The sexual harassment and retaliation Plaintiff suffered at Dartmouth, exacerbated by the lingering effects of her past depression and trauma, has caused Plaintiff Doe severe emotional distress that will be amplified should this Court require her identity to be revealed. Where a moving party evidences anticipated psychological damage if her identity is disclosed, "courts generally find a risk of retaliatory harm." *Doe v. Sessions*, No. CV 18-0004 (RC), 2018 WL 4637014, at *4 (D. D.C. Sept. 27, 2018); *see also Cabrera*, 307 F.R.D. at 6 ("[P]ublic disclosure of the plaintiff's true identity is very likely to result in psychological trauma."). "Were the Court to force the plaintiff to reveal her identity, [it] would risk undermining the psychological treatment the plaintiff has already undergone since the alleged incident and potentially retard the progress the plaintiff has made." *Id.*; *see also Spoa*, 2013 WL 5634337, at *4 (holding public disclosure of plaintiff's legal name in sexual harassment suit would "pose[] needless risk of mental harm"); *De Amigos*, 2012 WL 13047579, at *2.

***Third*,** forcing Plaintiff to reveal her name would deter similarly situated litigants from litigating similar claims that the public would like to have litigated. *Dartmouth I*, 2018 WL 2048385, at *6. This Court has acknowledged that "there is authority for the proposition that precluding pseudonymous litigation in college disciplinary cases may have a chilling effect on future plaintiffs who seek to challenge the adequacy of the process." *Id*.

***Fourth*,** the public interest in learning Plaintiff's identity is weak. "Plaintiff is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014). Further, the "proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Id.* The public interest in favor of permitting anonymity therefore overcomes any general public interest in open legal proceedings. *See, e.g., Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997).

***Fifth*,** Plaintiff has a strong interest in maintaining confidentiality and is unlikely to pursue her claims if this Court denies her the right to proceed pseudonymously. This weighs in Plaintiff's favor. *Dartmouth I*, 2018 WL 2048385, at *6.

***Sixth*,** Plaintiff has no "nefarious reasons" for seeking to use a pseudonym. *Id*. Plaintiff has set forth compelling reasons for seeking to proceed as a Jane Doe. Moreover, Dartmouth will suffer no prejudice because it will be permitted to use Plaintiff's name in discovery under the terms of a protective order that the Court can fashion to ensure Defendant is prejudiced in no way in its ability to defend the case. Accordingly, this motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Provident Life & Accident Ins.*, 176 F.R.D. at 469.

Conversely, allowing Plaintiff to proceed under a pseudonym will not prejudice Dartmouth in any way.[3] Dartmouth is already aware of Plaintiff's identity. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (anonymity allowed because of sensitive privacy and retaliation concerns; no unfairness to defendant who was aware of claimant's true identity). Here, "[n]one of the relevant actors in this litigation is a public figure. This litigation concerns not public officials or governmental entities, but a disciplinary process at a private college relating to an alleged assault of one college student by another." *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *7 (D.N.H. May 2, 2018). Dartmouth is "not an ordinary private party, with interests relating solely to its personal life and business reputation," but, rather, a university "organized to perform an important, public service"—educating young people. *See E.W*, 213 F.R.D. at 112. The case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.*

Notably, there has "already been substantial press" relating to sexual misconduct at Dartmouth.[4] *Id*. Given these circumstances, "any additional prejudice to the defendant's reputation

---

[3] In determining whether prejudice to the Defendant exists, this Court—applying the Third Circuit law—considers:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018) (citing *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011)).

[4] *See e.g.*, Katharine Q. Seelye & Stephanie Saul, *3 Dartmouth College Professors Are Targeted in Sexual Misconduct Inquiry*, N.Y. Times, Nov. 1, 2017, at A10; Britta Greene, *Harassment Probe Reveals Long-standing Concerns in Dartmouth's Psychology Department*, New Hampshire Public Radio (July 2, 2018), http://www.nhpr.org/post/harassment-probe-reveals-long-standing-concerns-dartmouth-s-psychology-department#stream/0; John Lippman, *Dartmouth president defends college's actions in sexual misconduct cases*, Valley News, July 26, 2018, https://vtdigger.org/2018/07/26/dartmouth-president-defends-colleges-actions-in-sexual-misconduct-cases/.

or ability to operate merely by the pursuit of the action under a pseudonym appears minimal." *Id.*; *accord Kolko*, 242 F.R.D. at 196. This motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997). The Parties can enter into a protective order that ensures Dartmouth is not prejudiced in discovery or in its ability to defend the case.

Accordingly, Dartmouth will not be prejudiced if Plaintiff is permitted to proceed using a pseudonym. The strongest public interest lies in preventing the stigmatization of victims of sexual misconduct and allowing victims of sexual misconduct to vindicate their rights. *See Oshrin*, 299 F.R.D. at 104; *Kolko*, 242 F.R.D. at 195–96. This Court should accordingly grant Plaintiff Doe's motion so that she may seek to redress the harm she has already experienced without incurring further injury as a result.

Dated:  November 15, 2018 

Respectfully submitted,

*/s/ Charles G. Douglas, III*
Charles G. Douglas, III (NH Bar #669)
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

*-- and --*

David Sanford (*pro hac vice* forthcoming)
Nicole Wiitala (*pro hac vice* forthcoming)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
nwiitala@sanfordheisler.com

Deborah K. Marcuse (*pro hac vice* forthcoming)
Steven J. Kelley (*pro hac vice* forthcoming)
**SANFORD HEISLER SHARP, LLP**
400 Pratt Street, 8th Floor
Baltimore, MD 21202
Telephone: (410) 834-7415
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com
skelly@sanfordheisler.com

*Attorneys for Plaintiffs and the Proposed Class*