IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, and JANE DOE,**<br><br>*Plaintiffs, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendants.* | CASE NO. 1:18-cv-01070 |

## PLAINTIFF JANE DOE'S MOTION SEEKING A PROTECTIVE ORDER SEALING PORTIONS OF THE COURT RECORD

Plaintiff Jane Doe ("Plaintiff Jane Doe" or "Jane Doe"), by and through her undersigned counsel, hereby files pursuant to Local Rule 83.12 this Motion Seeking a Protective Order Sealing Portions of the Court Record.

### I. INTRODUCTION

Plaintiff Jane Doe seeks to seal Exhibit A (Douglas Decl.) to Plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym. This Exhibit contains information that could be used to identify the Plaintiff Jane Doe in this case. Plaintiff Jane Doe has a significant interest in maintaining her privacy and public disclosure at this time, lest her efforts to seek redress for the retaliation she has already experienced give rise to further harm to her mental health, her reputation and her career prospects. For the reasons discussed below, this interest outweighs any countervailing public interest in revealing her identity.

### II. LEGAL ARGUMENT

#### A. Plaintiff Jane Doe's Interest in Maintaining Her Anonymity Outweighs Any Public Right of Access to Portions of the Court Record in This Case

The Supreme Court has recognized a common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right of access to court records is not absolute. Trial courts have supervisory power over their own records and may, in their discretion, seal documents "if countervailing interests heavily outweigh the public interests in [open] access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In this case, continued protection of the Plaintiff Jane Doe's identity presents a compelling countervailing interest meriting the sealing of any documents that threaten to increase the likelihood of her identity being revealed to the public. This specifically includes Exhibit A to Plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym.

Exhibit A (Douglas Decl.) sets forth the identity of Plaintiff Jane Doe to ensure that her proceeding under a pseudonym poses no risk of unfairness to the opposing parties. Providing this information will enable the Court and opposing parties to understand the true identity of Plaintiff Jane Doe and the nature of her factual allegations. Filing Exhibit A as a matter of public record would necessarily reveal Jane Doe, which she strongly seeks to avoid to ensure her privacy and shield her from severe emotional harm and other retaliation.

For the same reasons set forth in Plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym and Memorandum in Support thereof—namely the risks of severe emotional harm and other retaliation against Plaintiff Jane Doe—Plaintiff Jane Doe respectfully requests that this Court issue a protective order sealing Exhibit A to her Motion for Leave to Proceed Under Pseudonym.

**B.      Alternatives to Sealing Would Not Provide Sufficient Protection**

When "evaluating whether to place documents under seal, a court must exercise its discretion 'in light of the relevant facts and circumstances of the particular case.'" *U.S. v. Isaacson*, No. 09-CV-332-LM, 2010 WL 3895683, at *2 (D.N.H. Sept. 28, 2010) (citation omitted). Under the circumstances of this case, sealing Exhibit A provides the narrowest possible relief to protect

Plaintiff Jane Doe's identity while respecting the "strong common law presumption favoring public access to judicial proceedings and records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Simply redacting information that identifies Plaintiff Jane Doe would be inadequate to protect her identity. Even if her name was redacted, the relevant document would still contain a plethora of information about this case that would permit the identification of Jane Doe. Moreover, a protective order sealing only one exhibit to Plaintiff Jane Doe's Motion is a narrowly tailored solution that allows the public continued access to all portions of the Court record while protecting the identity of Jane Doe, a person who has already suffered extreme hardship and who stands to suffer future emotional harm and retaliation in the event of further exposure.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe respectfully requests that the Court issue a protective order sealing, at Level I, Exhibit A to Plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym. Plaintiff Jane Doe specifically requests that this seal expire five (5) years after the date on which this litigation is concluded.

Dated:  November 15, 2018                Respectfully submitted,

*/s/ Charles G. Douglas, III*
Charles G. Douglas, III (NH Bar #669)
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

-- and --

David Sanford (*pro hac vice* forthcoming)
Nicole Wiitala (*pro hac vice* forthcoming)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019

Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
nwiitala@sanfordheisler.com

Deborah K. Marcuse (*pro hac vice* forthcoming)
Steven J. Kelley (*pro hac vice* forthcoming)
**SANFORD HEISLER SHARP, LLP**
400 Pratt Street, 8th Floor
Baltimore, MD 21202
Telephone: (410) 834-7415
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com
skelly@sanfordheisler.com

*Attorneys for Plaintiffs and the Proposed Class*