IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, and JANE DOE,**<br><br>*Plaintiffs, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendants.* | CASE NO. 1:18-cv-01070 (LM) |

**PARTIES' JOINTLY FILED PROPOSED DISCOVERY PLAN**
**FED. R. CIV. P. 26(f)**

## I.   DISCOVERY PLAN

**DATE/PLACE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f), Counsel communicated regarding this Proposed Discovery Plan by emails and a telephone conference in January and February 2019 to reach agreement in this matter.

**COUNSEL PRESENT/REPRESENTING**

Counsel for Plaintiffs and the Proposed Class:

Charles G. Douglas, III
Douglas, Leonard & Garvey, P.C.
14 South Street, Suite 5
Concord, NH 03301

David W. Sanford
Nicole E. Wiitala
Sanford Heisler Sharp, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019

Deborah K. Marcuse
Steven J. Kelly
Austin Webbert
Sanford Heisler Sharp, LLP
111 South Calvert Street, Suite 1950
Baltimore, MD 21202

<u>Counsel for Defendant</u>:
Joan A. Lukey
Justin J. Wolosz
Lyndsey M. Kruzer
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

## II.     CASE SUMMARY

**PLAINTIFFS' THEORY OF LIABILITY**

Named Plaintiffs and Class Representatives Kristina Rapuano, Vassiki Chauhan, Sasha Brietzke, Annemarie Brown, Andrea Courtney, Marissa Evans, and Jane Doe (collectively, "Plaintiffs") assert individual and class claims against the Trustees of Dartmouth College ("Defendant" or "Dartmouth") to remedy the systemic gender discrimination, sexual harassment, and hostile environment they suffered. They seek to represent a class of current and former female graduate and undergraduate students who have matriculated or will matriculate at Dartmouth in the Department of Psychological and Brain Sciences during the applicable liability period.

Plaintiffs filed their initial Complaint with this Court on November 15, 2018. (Dkt. No. 1.)  The Complaint contains the following counts:

- Count One (on behalf of all Plaintiffs, Class Representatives, and Class Members): sexual harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972;
- Count Two (on behalf of all Plaintiffs, Class Representatives, and Class Members): gender discrimination in violation of Title IX of the Education Amendments of 1972;

- Count Three (on behalf of all Plaintiffs, Class Representatives, and Class Members): breach of fiduciary duty under New Hampshire law;

- Count Four (on behalf of all Plaintiffs, Class Representatives, and Class Members): negligent supervision and retention under New Hampshire law;

- Count Five (on behalf of all Plaintiffs): *quid pro quo* sexual harassment in violation of Title IX of the Education Amendments of 1972; and

- Count Six (on behalf of Plaintiffs Chauhan, Brietzke, Brown, Evans, and Doe): retaliation in violation of Title IX of the Education Amendments of 1972.

**DEFENDANT'S THEORY OF DEFENSE**

Defendant contends, as an initial matter, that no "appropriate person" within the meaning of Title IX as applied in the First Circuit was made aware of the allegations now asserted by the named Plaintiffs until April of 2017. At that time, a group of eight PBS students (three of whom are now Plaintiffs) raised allegations of a hostile environment and sexual misconduct against three professors (hereinafter the "Former Professors") in the Psychology and Brain Sciences Department ("PBS").[1]  After receiving this information Dartmouth moved expeditiously to investigate and begin the process of removing the Former Professors, all of whom were tenured. The Former Professors were banned from the campus and from campus events as the process moved forward, and they remain permanently banned. While separate faculty committees were considering the termination of employment and stripping of tenure, Former Professor Heatherton retired, and Former Professors Kelley and Wayland resigned, thereby concluding the process because Dartmouth had no further jurisdiction over the Former Professors.

Dartmouth will also defend certain claims asserted by individual Plaintiffs, e.g., with regard to academic retaliation and sexual assault, on the basis that the evidence as known to Dartmouth at this time does not support the allegations asserted. Dartmouth also disputes that

---

[1] Dartmouth was aware of two incidents in 2002 involving Professor Heatherton, which involved improper boundary-crossing conduct, albeit not of the serious nature asserted by Plaintiffs here. Those incidents were addressed informally by Dartmouth administrators at the time.

this case can be maintained as a class action. Each of the named Plaintiffs tells a different story of personal interactions with one or more of the Former Professors. There is no basis for Plaintiffs to claim that they can speak for other students – some of whom likely did not even have interactions with the Former Professors – in any kind of representative capacity. Plaintiffs' attempt to parlay their claims into a class action should be denied and this case should continue, if at all, with respect to their claims alone.

**DAMAGES**

Plaintiffs demand judgment against Defendant in an amount not less than $70,000,000, including compensatory damages and punitive damages to be established at trial, as well as interest, costs, and other relief as justice requires.

**DEMAND**

May 6, 2019

**OFFER**

June 6, 2019

**JURISDICTIONAL QUESTIONS**

None at this time.

**QUESTIONS OF LAW**

The parties refer to the Complaint, Answer, and Affirmative Defenses for questions of law raised in the pleadings. The parties further reserve the right to brief and argue any issues of law that arise.

A.   **TYPE OF TRIAL**

Jury.

### III.   SCHEDULE

**TRACK ASSIGNMENT**

Complex – 24 months. At present, the parties believe a trial date approximately 24 months from the date of the preliminary pretrial conference will accommodate the discovery needs of this case.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**

If Defendant claims that unnamed parties are at fault on a state-law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc*., 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault sixty (60) days after the filing of this Joint Discovery Plan. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS**

May 1, 2019. Plaintiffs reserve their right to seek further amendment with leave of the Court if they determine that further amendments are appropriate. For example, experience dictates that a class certification decision may create the need to amend the pleadings to protect class members' claims.

**JOINDER OF ADDITIONAL PARTIES**

May 1, 2019

**THIRD-PARTY ACTIONS**

May 1, 2019

**DATES OF DISCLOSURE OF MERITS EXPERTS AND MERITS EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**

**Plaintiffs:**   Plaintiffs shall submit any expert disclosures and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than June 1, 2020.

**Defendant:**   Defendant shall submit any expert disclosures and written reports no later than July 15, 2020.

**Rebuttal:**   Plaintiffs shall submit any rebuttal expert disclosures and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than September 1, 2020.

Supplementations under Fed. R. Civ. P. 26(e) due by September 4, 2020.

## COMPLETION OF DISCOVERY

All fact discovery (exclusive of expert discovery) is to be completed no later than March 1, 2020. The parties agree that discovery deadlines may be extended by the parties on consent without application to the Court. The parties agree that all disclosures, written discovery requests and written discovery responses may be served via electronic mail.

## MOTIONS FOR SUMMARY JUDGMENT

60 days after close of expert discovery.

## CHALLENGES TO EXPERT TESTIMONY

45 days prior to trial.

## IV.   DISCOVERY

### DISCOVERY NEEDED

The Parties anticipate requiring extensive fact discovery concerning issues of liability and damages relating both to Plaintiffs' individual and class claims in their Complaint and the defenses asserted in Defendant's Answer. Both parties also anticipate a period of expert discovery, including depositions of experts on issues of liability, damages and defenses asserted by Defendants.

### MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))

Disclosures made pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged by April 15, 2019.

**INTERROGATORIES**

The parties request that each side be provided 30 fact interrogatories and 10 expert interrogatories with responses due 30 days after service. The Parties agree that that either party may petition the Court for additional interrogatories upon a showing of good cause. The Parties agree to accept electronic signatures on all interrogatory responses and verifications.

**REQUESTS FOR ADMISSION**

The parties agree to a maximum of 30 requests for admission by each party to any other party, with responses due 30 days after service. The Parties agree that that either party may petition the Court for additional requests for admission upon a showing of good cause.

**DEPOSITIONS**

Plaintiffs anticipate taking the depositions of numerous current and former students, administrators, faculty and staff, all of whom have knowledge of the claims and defenses asserted in this matter. Accordingly, the Parties each request 35 fact witness depositions. The Parties agree that either party may petition the Court for additional fact witness depositions upon a showing of good cause. The parties agree to the presumptive seven-hour limit absent agreement of counsel or an order of the Court.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**

The Parties anticipate that discovery will include the discovery of electronically stored information. The Parties agreed to meet and confer and use their best, good-faith efforts to reach, as soon as possible, a mutually agreeable ESI protocol that satisfies the requirements of Fed. R. Civ. P. 26(b)(1), (b)(2)(B), (b)(2)(C)(iii) and Local Rule 26.1. The exchange of all electronically-stored information shall be subject to the provisions of a protective order stipulated to by the Parties or ordered by this Court. By March 1, 2019, the Parties will jointly propose an ESI

protocol for the Court's approval if an agreement is reached or, if an agreement cannot be reached, submit their respective proposals to the Court.

If they have not already done so, the Parties will immediately take all reasonable measures to preserve hard-copy, written, and other physically tangible documents and things relevant to the parties' respective claims and defenses. To the extent not already done, the parties will also immediately take all reasonable measures to preserve electronically stored information on all computers (i.e. desktops, laptops or other computing devices), networks, personal devices (i.e. iPhones, Blackberries and smartphones), data and information storage and other archival systems, and other electronic devices, software, and hardware within their respective possession, custody or control.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**

Inadvertent disclosure of information protected by the attorney-client, work-product, or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication or any portion thereof shall not be deemed to constitute a waiver of any claim of privilege as to any other document or communication or other portion thereof, even involving the same subject matter. The parties will propose separately a procedure for handling such inadvertent disclosures in their stipulated protective order.

## V.    OTHER ITEMS

**SETTLEMENT POSSIBILITY:**

Pre-suit settlement talks were unsuccessful and the differences between the parties render settlement unlikely at least until fact discovery is conducted. The parties will remain in communications and will advise the Court if mediation, voluntary arbitration or other such

alternative dispute resolution techniques would be appropriate.

**JOINT STATEMENT RE: MEDIATION:** December 15, 2019

**TRIAL ESTIMATE**: The parties believe that it is premature at this point to estimate the length of the trial.

**WITNESSES AND EXHIBITS:** Per court order.

**PRELIMINARY PRETRIAL CONFERENCE:**   February 19, 2019, 10:00 a.m.

**OTHER MATTERS:** The parties request that the Court enter the following deadlines with respect to class certification:

- Plaintiffs shall submit any expert disclosures and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2) that relate to class certification no later than November 1, 2019.

- Defendant shall submit any expert disclosures and written reports that relate to class certification no later than December 13, 2019.

- Plaintiffs shall submit any rebuttal expert disclosures and written reports that relate to class certification no later than January 15, 2020.

- Motion for class certification due January 31, 2020.

- Opposition due March 13, 2020.

- Reply due April 23, 2020.

Dated:  February 11, 2019

By:   */s/ Deborah K. Marcuse*
   Deborah K. Marcuse (admitted *pro hac vice*)
   Steven J. Kelley (admitted *pro hac vice*)
   Austin Webbert (admitted *pro hac vice*)
   **SANFORD HEISLER SHARP, LLP**
   111 S. Calvert Street, Ste. 1950
   Baltimore, MD 21202
   Telephone: (410) 834-7420
   Facsimile: (410) 834-7425
   dmarcuse@sanfordheisler.com
   skelly@sanfordheisler.com
   awebbert@sanfordheisler.com

Dated:  February 11, 2019

By:   */s/ Joan A. Lukey*
   Joan A. Lukey (N.H. Bar. ID #16246)
   Justin J. Wolosz (admitted *pro hac vice*)
   Lyndsey M. Kruzer (admitted *pro hac vice*)
   **CHOATE HALL & STEWART LLP**
   Two International Place
   Boston, MA 02111
   (617) 248-4949
   joan.lukey@choate.com
   jwolosz@choate.com
   lkruzer@choate.com

| | |
|---|---|
| David W. Sanford (admitted *pro hac vice*)<br>Nicole E. Wiitala (admitted *pro hac vice*)<br>**SANFORD HEISLER SHARP, LLP**<br>1350 Avenue of the Americas, 31st Floor<br>New York, New York 10019<br>Telephone: (646) 402-5650<br>Facsimile: (646) 402-5651<br>dsanford@sanfordheisler.com<br>nwiitala@sanfordheisler.com | *Attorneys for Defendant* |

Charles G. Douglas, III (NH Bar #669)
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

*Attorneys for Plaintiffs and the Proposed Class*