# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO *et al.*, on behalf of themselves and all other similarly situated,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendants*. | **HON. LANDYA B. MCCAFFERTY, U.S.D.J.**<br><br>**CASE NO. 1:18-cv-01070 (LW)** |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF JANE DOE 2'S AND PLAINTIFF JANE DOE 3'S
## MOTIONS TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe 2 and Plaintiff Jane Doe 3 (collectively, "Plaintiffs" or "Jane Does"), through their undersigned attorneys, make these motions to proceed under pseudonym and seek permission to temporarily proceed pseudonymously. Given the highly sensitive and personal nature of their allegations, this Court should permit the Plaintiffs to protect their true identities from public disclosure at this time; lest their efforts to seek redress for the sexual misconduct and harassment they have already experienced give rise to further harm to their mental health, their reputations and their careers.

### STATEMENT OF FACTS[1]

Plaintiff Jane Doe 2 was an undergraduate student and postgraduate research assistant at Dartmouth College who was the victim of sexual assault and harassment by tenured professors in Dartmouth's Department of Psychological and Brain Sciences (the "Department" or "PBS").

---

[1] These facts are derived from the allegations in the First Amended Complaint that is being filed contemporaneously with these Motions.

Plaintiff Jane Doe 3 was a Ph.D. student at Dartmouth who was the victim of sexual misconduct and harassment by tenured PBS professors at Dartmouth. Plaintiffs' legal claims implicate highly sensitive facts, including those that pertain to sexual assault and misconduct. In addition, Plaintiffs are concerned that filing this First Amended Complaint under their true identities at this time will interfere with their physical and emotional well-being, and could impede their efforts to process, cope with, and recover from the conduct described in the First Amended Complaint. Plaintiffs are also concerned that they will suffer retaliation and reputational harm if they reveal their true identities, compounding the harm they have already suffered.

Accordingly, Plaintiffs respectfully request that the Court permit them to proceed pseudonymously, until the Court orders otherwise. Under well-settled law and policy, there is good cause to grant Plaintiffs this relief.

## LEGAL ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Even so, courts "approve[] of litigating under pseudonym in certain circumstances" in order to protect plaintiffs appearing in federal court. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *see also Roe v. Wade*, 410 U.S. 113, 124 (1973) (hearing case with pseudonymous plaintiff without criticism); *Adoptive Couple v. Baby Girl*, 570 U.S. 637 (2013) (same). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3rd Cir. 2008). To proceed anonymously, a plaintiff must demonstrate that she has "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F.

Supp. 2d 89, 90 (D. Mass. 2005) (internal quotation marks and citations omitted); *cf. Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 72 (1st Cir. 2011).

This Court applies the Third Circuit's six-factor balancing test, *Doe v. Trustees of Dartmouth Coll.* ("*Dartmouth I*"), No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018), which examines:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id*. (quoting *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011)).[2]

Here, all relevant factors strongly favor permitting the Jane Does to proceed under pseudonyms.

***First*,** Plaintiffs have taken measures to keep their identities secret. Plaintiffs have not publicly revealed their identities or otherwise sought publicity in this matter. Moreover, their participation in Dartmouth's Title IX investigations was confidential. Accordingly, Plaintiffs' identities have not been revealed and the first factor is satisfied. *See Dartmouth I*, 2018 WL 2048385, at *5.

***Second*,** Jane Doe Plaintiffs have compelling bases for proceeding pseudonymously. Their claims stem from highly sensitive and personal facts, including sexual misconduct perpetrated against them by Dartmouth professors. When a case requires a plaintiff to disclose information of

---

[2] This Court has also applied the balancing tests used by the Second and Fourth Circuits. "Although the factors in the tests are worded differently and are listed in different orders, the tests generally cover the same issues and concerns." *John Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-690-JD, 2018 WL 5801532, at *3 (D.N.H. Nov. 2, 2018).

3

such utmost intimacy, courts weigh this strongly in favor of allowing a plaintiff to proceed under pseudonym. *See Doe v. Cabrera*, 307 F.R.D. 1, 5–6 (D.D.C. 2014) ("Because of the alleged sexual acts of defendant . . . this case is one of a sensitive and highly personal nature for the plaintiff.") (internal quotation marks omitted); *cf. Dartmouth I*, 2018 WL 2048385, at *5 ("Undoubtedly, one's sexual practices are among the most intimate parts of one's life . . . .") (internal quotation marks omitted).

Because of the severe emotional harm they have already experienced, Plaintiffs are particularly vulnerable to retaliation and significant harm to their reputation and career opportunities. *See* Exhibit A (Douglas Decl. at ¶ 5). As this Court has acknowledged, "[c]ases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Dartmouth I*, 2018 WL 2048385, at *6 (quoting *Doe v. Colgate Univ.*, No. 5:15–cv–1069, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016)). Involvement in sexual misconduct allegations implicates serious concerns about reputational harm and harassment that are "only exacerbated in the Internet age." *Id.* at *5–6. Internet technology "can provide additional channels for harassment and will connect [a] plaintiff's name to [sexual misconduct allegations] forever, whether or not he is successful in . . . litigation." *Id.* at *5. Accordingly, courts generally have shielded parties from such harm. *See Id.* at *7; *Cabrera*, 307 F.R.D. at 7 (expressing "grave concern that [public identification] could exacerbate any psychological issues the plaintiff is currently experiencing"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (recognizing that internet technology can magnify retaliatory harms, particularly by facilitating community ostracism).

Moreover, the risk of further emotional harm to Plaintiffs strongly weighs in favor of shielding their identities from public disclosure. The sexual misconduct and harassment Plaintiffs suffered at Dartmouth has caused them severe emotional distress that will be amplified should this Court require their identities to be revealed. Where a moving party evidences anticipated psychological damage if her identity is disclosed, "courts generally find a risk of retaliatory harm." *Doe v. Sessions*, No. CV 18-0004 (RC), 2018 WL 4637014, at *4 (D. D.C. Sept. 27, 2018); *see also Cabrera*, 307 F.R.D. at 6 ("[P]ublic disclosure of the plaintiff's true identity is very likely to result in psychological trauma."). "Were the Court to force [a] plaintiff to reveal her identity, [it] would risk undermining the psychological treatment the plaintiff has already undergone since the alleged incident and potentially retard the progress the plaintiff has made." *Id.*; *see also E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (holding public disclosure of plaintiff's legal name in sexual harassment suit would "pose[] needless risk of mental harm"); *Doe v. De Amigos, LLC*, No. CV 11-1755 (ABJ), 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012).

***Third***, forcing Plaintiffs to reveal their names would deter similarly situated litigants from litigating similar claims that the public would like to have litigated. *Dartmouth I*, 2018 WL 2048385, at *6. This Court has acknowledged that "there is authority for the proposition that precluding pseudonymous litigation in college disciplinary cases may have a chilling effect on future plaintiffs who seek to challenge the adequacy of the process." *Id.*

***Fourth***, the public interest in learning Plaintiffs' identities is weak. Each "[p]laintiff is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014). Further, the "proceedings will remain public, thereby preserving any general public interest in the

5

subject matter of this litigation." *Id.* The public interest in favor of permitting anonymity therefore overcomes any general public interest in open legal proceedings. *See, e.g.*, *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997).

**_Fifth_**, Plaintiffs have a strong interest in maintaining confidentiality and are unlikely to pursue their claims if this Court denies them the right to proceed pseudonymously. For the reasons discussed above (at pages 3–5) regarding the second factor, Plaintiffs have identified a sufficiently strong interest to satisfy this factor. *Dartmouth I*, 2018 WL 2048385, at *6.

**_Sixth_**, Plaintiffs have no "nefarious reasons" for seeking to use pseudonyms. *Id.* Plaintiffs have set forth compelling reasons for seeking to proceed as Jane Does. Moreover, allowing Plaintiffs to proceed under pseudonyms will not prejudice Dartmouth in any way.[3] Dartmouth is already aware of Plaintiffs' identities. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (anonymity allowed because of sensitive privacy and retaliation concerns; no unfairness to defendant who was aware of claimant's true identity). It will suffer no prejudice because it may be permitted to use Plaintiffs' names in discovery under the terms of a protective order that the Court can fashion to ensure Defendant is prejudiced in no way in its ability to defend the case. Accordingly, this motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Provident Life*, 176 F.R.D. at 469.

Furthermore, "[n]one of the relevant actors in this litigation is a public figure. This litigation concerns not public officials or governmental entities, but a disciplinary process at a

---

[3] In determining whether prejudice to the Defendant exists, this Court—applying the Third Circuit law—considers:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Dartmouth I*, 2018 WL 2048385, at *4 (citing *Megless*, 654 F.3d at 409).

6

private college," relating to allegations of sexual assault and misconduct. *Dartmouth I*, 2018 WL 2048385, at *7. Dartmouth is "not an ordinary private party, with interests relating solely to its personal life and business reputation," but, rather, a university "organized to perform an important, public service"—educating young people. *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). The case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.*

Notably, there has "already been substantial press" relating to sexual misconduct at Dartmouth.[4] *Id*. Given these circumstances, "any additional prejudice to the defendant's reputation or ability to operate merely by the pursuit of the action under a pseudonym appears minimal." *Id.*; *accord Kolko*, 242 F.R.D. at 196.

The strongest public interest lies in preventing the stigmatization of victims of sexual misconduct and allowing victims of sexual misconduct to vindicate their rights. *See Oshrin*, 299 F.R.D. at 104; *Kolko*, 242 F.R.D. at 195–96. This Court should consequently grant the Jane Doe Plaintiffs' motions so that they may seek to redress the harm they have already experienced without incurring further injury.

---

[4] *See e.g.*, Katharine Q. Seelye & Stephanie Saul, *3 Dartmouth College Professors Are Targeted in Sexual Misconduct Inquiry*, N.Y. Times, Nov. 1, 2017, at A10; Britta Greene, *Harassment Probe Reveals Long-standing Concerns in Dartmouth's Psychology Department*, New Hampshire Public Radio (July 2, 2018), http://www.nhpr.org/post/harassment-probe-reveals-long-standing-concerns-dartmouth-s-psychology-department#stream/0; John Lippman, *Dartmouth President Defends College's Actions in Sexual Misconduct Cases*, Valley News (July 26, 2018), https://vtdigger.org/2018/07/26/dartmouth-president-defends-colleges-actions-in-sexual-misconduct-cases/.

Dated: May 1, 2019                                    Respectfully submitted,

*/s/ Deborah K. Marcuse* _____
Deborah K. Marcuse (admitted *pro hac vice*)
Steven J. Kelley (admitted *pro hac vice*)
Austin L. Webbert (admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7420
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com
skelly@sanfordheisler.com
awebbert@sanfordheisler.com

David W. Sanford (admitted *pro hac vice*)
Nicole E. Wiitala (admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
nwiitala@sanfordheisler.com

*-- and --*

Charles G. Douglas, III (NH Bar #669)
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

*Attorneys for Plaintiffs and the Proposed Class*