IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO** *et al.*, on behalf of themselves and all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendants.* | **HON. LANDYA B. MCCAFFERTY, U.S.D.J.**<br><br>**CASE NO. 1:18-cv-01070 (LM)** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF JANE DOE 2 AND PLAINTIFF JANE DOE 3'S MOTION TO SEAL**

Plaintiff Jane Doe 2 and Plaintiff Jane Doe 3 ("Jane Doe Plaintiffs" or "Jane Does"), by and through their undersigned counsel, hereby file this memorandum of law in support of their Motion to Seal pursuant to Local Rule 83.12.

**I.   INTRODUCTION**

Jane Doe Plaintiffs seek to seal Exhibit A to Plaintiff Jane Doe 2's Motion to Proceed Under Pseudonym and Plaintiff Jane Doe 3's Motion to Proceed Under Pseudonym. Exhibit A is a declaration from Chuck Douglas, Esq. ("Douglas Decl.") that sets forth the names and addresses of Jane Doe 2 and Jane Doe 3. Given the highly sensitive and personal nature of their allegations, Jane Doe Plaintiffs have a significant interest in maintaining their privacy from public disclosure at this time; lest their efforts to seek redress for the sexual misconduct and harassment they have already experienced give rise to further harm to their mental health, their reputations and their careers. For the reasons discussed below, this interest outweighs any countervailing public interest in revealing their identities.

1

## II.     LEGAL ARGUMENT

### A.     Jane Doe Plaintiffs' Interest in Maintaining Their Anonymity Outweighs Any Public Right of Access to Portions of the Court Record

The Supreme Court has recognized a common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right of access to court records is not absolute. Trial courts have supervisory power over their own records and may, in their discretion, seal documents "if countervailing interests heavily outweigh the public interests in [open] access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Here, continued protection of the Jane Does' identities presents a compelling countervailing interest meriting the sealing of any documents that threaten to increase the likelihood of their identities being revealed to the public. This specifically includes Exhibit A to Plaintiff Jane Doe 2's Motion to Proceed Under Pseudonym and Jane Doe 3's Motion to Proceed Under Pseudonym.

Exhibit A (Douglas Decl.) sets forth the identities of the Jane Does to apprise the Court of their actual identities and to ensure that their proceeding under pseudonyms poses no risk of unfairness to the opposing parties. Providing this information will enable the Court and opposing parties to understand the true identities of the Jane Doe Plaintiffs and the nature of their factual allegations. Filing Exhibit A as a matter of public record would necessarily reveal the Jane Does' identities, which they strongly seek to avoid to ensure their privacy and shield them from severe emotional harm and other retaliation.

For the same reasons set forth in Plaintiff Jane Doe 2 Motion to Proceed Under Pseudonym and Plaintiff Jane Doe 3's Motion to Proceed Under Pseudonym and Memorandum in Support thereof—namely the highly sensitive nature of their claims and the risks of severe emotional harm

and other retaliation against the Jane Does—Jane Doe Plaintiffs respectfully request that this Court issue an order sealing Exhibit A to their motions to proceed under pseudonym.

### B. Alternatives to Sealing Would Not Provide Sufficient Protection

When "evaluating whether to place documents under seal, a court must exercise its discretion 'in light of the relevant facts and circumstances of the particular case.'" *U.S. v. Isaacson*, No. 09-CV-332-LM, 2010 WL 3895683, at *2 (D.N.H. Sept. 28, 2010) (citation omitted). Under the circumstances of this case, sealing Exhibit A provides the narrowest possible relief to protect the Jane Does' identities while respecting the "strong common law presumption favoring public access to judicial proceedings and records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Simply redacting information that identifies Jane Doe Plaintiffs would be inadequate to protect their identities. Even if their names were redacted, the relevant document would still contain a plethora of information about this case that would permit the identification of the Jane Does. Moreover, sealing only one exhibit to Jane Doe Plaintiffs' motions is a narrowly tailored solution that allows the public continued access to all portions of the Court record while protecting the identities of the Jane Does, persons who have already suffered extreme hardship and who stand to suffer future emotional harm and retaliation in the event of further exposure.

### III. CONCLUSION

For the foregoing reasons, Jane Doe Plaintiffs respectfully request that the Court issue an order sealing, at Level I, Exhibit A to Plaintiff Jane Doe 2's Motion to Proceed Under Pseudonym and Plaintiff Jane Doe 3's Motion to Proceed Under Pseudonym. Jane Doe Plaintiffs specifically request that this seal expire five (5) years after the date on which this litigation is concluded.

Dated:  May 3, 2019                                    Respectfully submitted,

/s/ Charles G. Douglas, III
Charles G. Douglas, III (NH Bar #669)
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

Deborah K. Marcuse (admitted *pro hac vice*)
Steven J. Kelley (admitted *pro hac vice*)
Austin L. Webbert (admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert Street, Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7420
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com
skelly@sanfordheisler.com
awebbert@sanfordheisler.com

*-- and --*

David W. Sanford (admitted *pro hac vice*)
Nicole E. Wiitala (admitted *pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
nwiitala@sanfordheisler.com

*Attorneys for Plaintiffs and the Proposed Class*