UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, JANE DOE, JANE DOE 2, and JANE DOE 3,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>    Defendant. | Civil Action No. 1:18-cv-01070-LM |

**DEFENDANT TRUSTEES OF DARTMOUTH COLLEGE'S
CONSOLIDATED OPPOSITION TO PLAINTIFF JANE DOE 2'S MOTION
TO PROCEED UNDER PSEUDONYM [ECF No. 29] and PLAINTIFF
JANE DOE 3'S MOTION TO PROCEED UNDER PSEUDONYM [ECF No. 30]**

Defendant Trustees of Dartmouth College ("Dartmouth" or the "College") submits this consolidated opposition to Plaintiff Jane Doe 2's Motion to Proceed Under Pseudonym (May 1, 2019, ECF No. 29) and Plaintiff Jane Doe 3's Motion to Proceed Under Pseudonym (May 1, 2019, ECF No. 30) (the "Motions"). Federal Rule of Civil Procedure 10(a) requires that the caption of a complaint name all parties. Although some circuit courts of appeal (not this circuit) have devised a procedure to consider whether a litigant may proceed anonymously despite the rule, this is not a case that would constitute such exceptional circumstances. Rather, if the Motions were granted, and the proposed Amended Complaint were to stand as the operative pleading, three of the nine named Plaintiffs would be proceeding under pseudonym. The anonymity would prejudice Dartmouth's ability to defend itself in this case, unfairly increase the burden to the parties and the Court of conducting this litigation, and present unworkable challenges to Dartmouth, to putative class members, and to the Court, in performing a proper

assessment of whether these individuals can act as class representatives as they have requested. In light of these concerns, Dartmouth opposes the use of pseudonyms for all purposes or, in the alternative, requests that the Court allow the use of pseudonyms only until the earlier of (a) any discovery dispute relating in whole or in part to allegations involving these plaintiffs, or (b) the class certification process.

## BACKGROUND

Plaintiffs allege that three professors – William Kelley, Paul Whalen, and Todd Heatherton (the "Former Professors") – engaged in numerous improper acts that constituted sexual harassment and discrimination. They have not sued the Former Professors, however, in this case (or otherwise to Dartmouth's knowledge). Instead, they have sued Dartmouth and claimed that they are entitled to a judgment in the millions of dollars, not only on their behalf, but on behalf of dozens of putative class members who also matriculated through the Psychological and Brain Sciences department at Dartmouth, where the Former Professors worked before Dartmouth took steps to terminate their employment and they retired or resigned. Dartmouth does not condone the conduct alleged, but disputes that the College is liable for the tens of millions of dollars that Plaintiffs seek, under any of the causes of action that they have attempted to assert.

The initial Complaint named seven Plaintiffs, each of whom sought to serve as class representative on behalf of the putative class. *See generally*, Complaint (Nov. 15, 2018), ECF No. 1. One of those Plaintiffs moved to proceed under pseudonym. *See* Plaintiffs' Motion for Leave to Proceed Under Pseudonym (Nov. 15, 2018), ECF No. 2. Dartmouth did not oppose at that time, but expressly reserved its "right to object at a later point in time if the use of a pseudonym interferes with Defendants' ability to defend or impacts the question of whether

Plaintiff can act as a representative of a putative class." Defendants' Response to Motion for Leave to Proceed Under Pseudonym (Nov. 21, 2018), ECF No. 9.  On November 30, 2018, the Court granted the motion in part, explaining that:

> The court finds exceptional circumstances warrant the use of a pseudonym for this plaintiff. The court has weighed the multi-factor balancing test, *see Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011), and finds that the balance of factors weighs heavily in favor of a pseudonym. However, as in *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *7 (D.N.H. May 2, 2018), the court's order is limited to pretrial proceedings. Also, if, at any point during pretrial proceedings, Jane Doe's use of a pseudonym impacts whether she can act as a class representative, the court will reconsider this order. *See In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) (allowing anonymity for plaintiff as class member but not class representative). Accordingly, the parties shall use the pseudonym Jane Doe for this plaintiff and shall redact her true name from all documents in this case and refrain from revealing her true identity.

*See* November 30, 2018 Order on Motion for Miscellaneous Relief (text in docket entry, no separate ECF Number).

Notwithstanding that request by one of the initial seven plaintiffs to proceed anonymously, the remaining plaintiffs and their counsel have not attempted to avoid the public view. To the contrary, they have sought significant publicity in connection with this litigation, giving newspaper and television interviews, and actively advocating in social media in favor of their case and against Dartmouth. *See, e.g.*, Julia Jacobo, *Plaintiffs in $70 million Title IX class action lawsuit against Dartmouth describe 'systemic' sexual harassment*, ABCNEWS (Nov. 16, 2018), https://abcnews.go.com/US/plaintiffs-70-million-title-ix-class-action-lawsuit/story?id=59223760; *Sanford Heisler Sharp Files $70 Million Sexual Assault and Gender Discrimination Class Action Against Dartmouth College*, Press Release, SANFORD HEISLER SHARP, LLP (Nov. 15, 2018), https://sanfordheisler.com/press-release/sanford-heisler-sharp-files-title-ix-class-action-against-dartmouth/; Anemona Hartocollis, *Dartmouth Professors Are Accused of Sexual Abuse by 7 Women in Lawsuit*, NY TIMES (Nov. 15, 2018),

https://www.nytimes.com/2018/11/15/us/dartmouth-professors-sexual-harassment.html; Deirdre Fernandes, *Dartmouth students sue over alleged sexual assault by professors*, BOSTON GLOBE (Nov. 15, 2018), https://www.bostonglobe.com/metro/2018/11/15/lawsuit-describes-century-animal-house-dartmouth-college/OVtrcSKDRJFTAWdvOWsyfL/story.html.

No doubt aware of the significant publicity already achieved by Plaintiffs and their counsel, the two proposed new plaintiffs (the "Moving Plaintiffs") seek to join the lawsuit, and serve as class representatives in pursuing a multi-million dollar judgment, using pseudonyms. If the Motions are granted, the parties would be required to proceed with multiple aspects of the litigation – perhaps including informal investigation (i.e., correspondence with willing witnesses), formal discovery, depositions, litigation over discovery issues, class certification, and dispositive motions – all with the vague and confusing use of "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3" along with six other named plaintiffs.

ARGUMENT

"The First Circuit has yet to explicitly permit the practice [of proceeding under a pseudonym]" and "makes clear that the 'starting point must always be the common-law presumption in favor of public access.'" *Doe v. Trs. of Dartmouth Coll.* ("*Dartmouth I*"), No. 18-CV-040-LM, 2018 U.S. Dist. LEXIS 74066, at *7 (D.N.H. May 2, 2018) (quoting *Nat'l Org. For Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011)). Plaintiffs have failed to show why the presumption of public access should not control here. To the contrary, allowing Plaintiffs to proceed under pseudonyms would prejudice Dartmouth in its ability to defend the litigation and preclude proper evaluation of whether these individuals can serve as representatives for a putative class.

I. Legal Standard.

Because the First Circuit has yet to explicitly permit the practice of plaintiffs proceeding under pseudonym, it has not articulated a legal standard. In their memorandum in support of the Motions, Moving Plaintiffs state (perhaps in light of the order quoted above) that "[t]his Court applies the Third Circuit's six-factor balancing test…" Memorandum of Law in Support of Plaintiff Jane Doe 2's and Plaintiff Jane Doe 3's Motions to Proceed Under Pseudonym (May 1, 2019), ECF No. 29-1 and 30-1 at 3 (quoting *Dartmouth I* at \*11-12).[1] The *Dartmouth I* case itself is distinguishable on its facts from the instant case. Among other things, *Dartmouth I* was not a putative class action; it did not involve a plaintiff who sought out publicity as many of the Plaintiffs did here; unlike Plaintiffs here, the *Dartmouth I* plaintiff requesting anonymity claimed that he was wrongfully *accused* of sexual assault and would suffer reputational harm stemming from that accusation; and *Dartmouth I* included a request for third-party anonymity, which is not present here. *Id.* at \*1-5, 12-19. Nevertheless, Dartmouth will analyze Plaintiffs' motion pursuant to the factors as articulated in *Dartmouth I*.

II.     *Dartmouth I* Factors.

As this Court explained in *Dartmouth I*, the non-exhaustive factors considered pursuant to the Third Circuit test governing requests to proceed anonymously are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; [] (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives . . . . [(7)] the universal level of public interest in access to the identities of litigants; [(8)] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

---

[1] This Court has summarized the referenced test to include nine factors, not six.

>[(9)] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Dartmouth I* at *11-12 (quoting *Doe v. Megless*, 654 F.3d 404, 409 (3d. Cir. 2011)).

Dartmouth takes no position on Moving Plaintiffs' articulation regarding the first factor. With respect to the second, although some of Plaintiffs' allegations involve personal and sensitive matters, courts have found that such subject matter is not necessarily sufficient to allow proceeding under a pseudonym. *See, e.g.*, *Doe v. Compact Info. Sys.*, No. 13-cv-5013-M, 2015 U.S. Dist. LEXIS 178930, at *12-13 (N.D. Tex. Jan. 26, 2015) ("Moreover, even sexual assault (a matter undisputably [*sic*] of a highly sensitive and personal nature) has not been found to be so compelling in regard to its intimate nature as to permit plaintiffs to proceed anonymously in instances where the plaintiff is pursuing an action against the alleged abuser."). Plaintiffs must show actual and reasonable risk of severe retaliation or other significant harm. *See, e.g.*, *Dartmouth I* at * 11 ("It is not enough that the plaintiff may suffer embarrassment or economic harm as a result of public identification; the plaintiff must show both a fear of severe harm and that the fear is reasonable.").

Perhaps more importantly, however, Moving Plaintiffs are not seeking to bring only their individual claims; they are asking to serve as anonymous class representatives. As one Court articulated the issue, "[a]ny unwanted attention or scrutiny comes along with filing a lawsuit, *especially as a class representative of a potentially high profile class action.*" *Compact Info. Sys.*, 2015 U.S. Dist. LEXIS 178930 at *18 (emphasis added). Particularly in light of the Moving Plaintiffs' desire to serve as class representatives, this factor weighs against allowing them to proceed using a pseudonym.

With respect to the third factor, Moving Plaintiffs offer only a cursory statement that disallowing anonymity will deter others from coming forward. ECF 29-1 and 30-1 at 5. That

statement fails to recognize that there are six plaintiffs who have been willing to proceed publicly, and indeed, have sought out publicity. Moreover, the claim about similar plaintiffs being willing to come forward is misdirected given that this is a putative class action. If the named plaintiffs are able to achieve certification of a class (which they contend is appropriate), then members of the class might be able to participate in any settlement or recovery without subjecting themselves to public disclosure. *See, e.g.*, *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 U.S. Dist. LEXIS 46893, at *18-19 (E.D. Mo. Apr. 6, 2016).

The fourth factor weighs decidedly against allowing Moving Plaintiffs to proceed anonymously. This is not a case that presents purely legal issues; it is a putative class action in which each plaintiff or proposed plaintiff has a different story to tell, which they nonetheless contend makes them "similarly situated" to others such that they can represent them on a class-wide basis. The conclusory statement that Moving Plaintiffs are merely "seeking to litigate private and highly-sensitive issues" (ECF 29-1 and 30-1 at 5) ignores the fact that they seek to serve as class representatives in this highly-publicized putative class action. Indeed, the very public nature of what a class representative is supposed to do – represent and stand in the place of other plaintiffs – is at odds with the request to remain anonymous. Several courts have expressly recognized this key difference between class members and class representatives. *See, e.g.*, *Nazih v. Café Istanbul of Columbus, LLC*, No. 17-cv-947, 2018 U.S. Dist. LEXIS 154283, at *14-15 (N.D. Oh. Sept. 11, 2018) (noting class representatives are proceeding under real names, which preserves the public's ability to scrutinize judicial proceedings and weighs in favor of opt-in plaintiffs' proceeding anonymously); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 U.S. Dist. LEXIS 46893 at *18-19 (recognizing that because due process requires class members be fairly and adequately represented, class representatives must disclose real

names while class members may proceed under pseudonyms); *Michael Bloomberg L.P.*, No. 14-cv-2657, 2015 U.S. Dist. LEXIS 16683, at *9 (S.D.N.Y. Feb. 11, 2015) (noting that allowing named class representatives to proceed anonymously "may also preclude potential class members from properly evaluating the qualifications of the class representative"); *Compact Info. Sys.*, 2015 U.S. Dist. LEXIS 178930 at *18.

With regard to the fifth factor, Dartmouth's counsel has not engaged in discovery with Moving Plaintiffs and thus cannot directly comment on whether, subjectively, they would be willing to pursue their claims if their names are revealed. However, Moving Plaintiffs must have been aware that their attempt to proceed anonymously – and even their attempt to keep their names under seal even in the limited filings made to date – is far from guaranteed. The standard in this circuit for filing matters under seal is a stringent one, and requests to file matters under seal are often denied. *See, e.g., FTC v. Standard Financial Management Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1993) ("[A]ppellants have not borne the heavy burden of exhibiting the existence of special circumstances adequate to overcome the presumption of public accessibility" to judicial records.); *Bourne v. Town of Madison*, No. 05-cv-365-JD, 2007 U.S. Dist. LEXIS 44916, at *4-5 (D.N.H. June 19, 2007) ("Based on the idea that democratic values are best served by a transparent judicial system, the courts have long recognized a presumption that the public has a common-law right of access to judicial documents . . . Bourne has not overcome the presumption against sealing documents." (internal quotations omitted)); *Mangosoft, Inc. v. Oracle Corp.*, No. 02-cv-545-SM, 2005 U.S. Dist. LEXIS 19644, at *7-8 (D.N.H. Sept. 9, 2005) (denying parties' joint motion to file summary judgment materials under seal for failure to show particularized "good cause"). Moreover, in another pending, high-profile putative class action brought in federal court in California, the same lawyers who represent Plaintiffs here were

recently told that their clients likely would not be permitted to proceed anonymously, even though the Defendant there did not oppose plaintiffs' motion. *See* Dorothy Atkins, *Judge Won't Sanction MoFo Atty Fired At 8 Months Pregnant*, LAW360 (Apr. 18, 2019), https://www.law360.com/articles/1151304/judge-won-t-sanction-mofo-atty-fired-at-8-months-pregnant?copied=1Law360 (reporting that the Court informed counsel that "she doesn't think the plaintiffs should be allowed to proceed with their litigation using pseudonyms, even though Morrison & Foerster agreed to it for now, because it would be precedent setting, it could potentially harm the defense and it could make certification difficult, if not impossible.").[2] Plaintiffs, who are represented by the same lawyers, cannot claim surprise that their attempt to join a different multi-million dollar class action lawsuit, as a class representative, requires that they use their real names.

With respect to the sixth factor, Dartmouth does not accuse the Moving Plaintiffs of being "nefarious" in bringing the Motions; it merely believes that Moving Plaintiffs' attempt to proceed anonymously is misplaced under the law.

As the Court has pointed out, the seventh factor "amounts to an acknowledgement that there is a 'universal interest in favor of open judicial proceedings,' which weighs in favor of disclosing plaintiffs identity." *Dartmouth I* at *17 (quoting *Megless*, 654 F.3d at 411). Likewise, the eighth factor here favors disclosure. Although the Moving Plaintiffs are not public figures, they are seeking to serve as class representatives, which means that the Court would need to perform a "rigorous analysis" – well in advance of trial – of (among other things) whether the Moving Plaintiffs are adequate representatives of the proposed class, and whether their claims are typical of other putative class members. *See Comcast Corp. v. Behrend*, 569

---

[2] The transcript is not yet publicly available, so Dartmouth is relying on the report of the hearing as set forth in the referenced Law360 article.

U.S. 27, 33 (2013) ("Repeatedly, we have emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (internal quotations omitted)); *see also* Fed. R. Civ. P. 23.

With respect to the ninth factor, there has been no suggestion (nor could there be) that Dartmouth's request that the Court apply established law regarding the identity of parties is illegitimately motivated, particularly given the real concerns with proceeding anonymously that Dartmouth articulates herein.

II.     Prejudice to Dartmouth.

In considering the Motions, the Court must also look at the potential prejudice Dartmouth would suffer if forced to proceed in a case where three of nine named plaintiffs are proceeding with pseudonyms. *See, e.g.*, *Doe v. Trs. of Dartmouth Coll.*, No. 18-CV-690-JD, 2018 U.S. Dist. LEXIS 189050 (D.N.H. Nov. 2, 2018) ("*Dartmouth II*"), at *11-12; ECF No. 29-1 and 30-1 at 3 n.2 (quoting *Dartmouth II* for the proposition that the different tests used by Courts to assess requests for anonymity "generally cover the same issues and concerns."). Practically speaking, Dartmouth can only effectively investigate, address, and defend against these allegations if it is able to speak with witnesses and other involved persons about the allegations, conduct full and unfettered informal and formal discovery, and throughout that process say who the relevant accusers are so that the witnesses, counsel and the Court can keep each of the nine separate plaintiffs straight. Plaintiffs' requested proposed order would provide (among other things) that in addition to using a pseudonym in ECF filings, "Defendants shall not publicly disclose the name or address of [each Jane Doe plaintiff] or any information from which her name could be

Case 1:18-cv-01070-LM Document 34 Filed 05/14/19 Page 11 of 14

deduced." Plaintiffs' Proposed Order Granting Plaintiff Jane Doe [2 and 3]'s Motion to Proceed Under Pseudonym (May. 1, 2019), ECF No. 29-3 and 30-3 at 1. Although Moving Plaintiffs do not define "publicly disclose," their attorney has taken the position previously that an internally-distributed document preservation notice may not contain Jane Doe 1's real name. Restricting those types of communications – which extend far beyond public, ECF filings on the record – would significantly prejudice Dartmouth. Indeed, faced with the order Plaintiffs seek, it is not even clear whether Dartmouth's counsel could coherently ask a percipient witness whether they have any information to provide regarding Moving Plaintiffs' allegations. Motion papers will be just as confusing, with the need to distinguish Jane Doe 1, Jane Doe 2, and Jane Doe 3 from the other six named plaintiffs.

These restrictions and burdens would be particularly unfair here, given Plaintiffs' use of publicity as a sword. Again, although Moving Plaintiffs say they want to proceed anonymously, the other Plaintiffs and Plaintiffs' counsel have sought out media coverage. In addition, when preparing their complaint, Plaintiffs chose to include dozens of allegations that accuse – by name – numerous Dartmouth faculty and administration of wrongdoing, despite the fact that Dartmouth (and the individuals) vigorously dispute any suggestion that they did anything wrong, much less contributed to the core allegations that underlie Plaintiffs' claims. *See, e.g.*, Amended Complaint (May 1, 2019), ECF No. 28 at ¶¶ 30, 31, 35, 54.[3] Plaintiffs thus chose to bring this case, chose to style it as a putative class action seeking tens of millions of dollars, and chose to drag numerous innocent, well-intentioned faculty and administrators into the public record in an apparent effort to gain more publicity. Moving Plaintiffs should not be permitted, against that

---

[3] Many of these allegations were unnecessary to Plaintiffs' claims or, at a minimum, could have identified these third parties by title rather than choosing to attach their names to these hotly disputed allegations.

backdrop, to join the litigation and benefit from these publicity efforts, while simultaneously prejudicing Dartmouth's ability to prepare its defense.

## **CONCLUSION**

Balancing all of the above factors, Moving Plaintiffs have failed to overcome the high bar necessary to show that they should be permitted to proceed using pseudonyms. Accordingly, for all of the foregoing reasons, the Court should deny Moving Plaintiffs' request to use pseudonyms for all purposes or, in the alternative, allow the use of pseudonyms only until the earlier of (a) any discovery dispute relating in whole or in part to allegations involving these plaintiffs, or (b) the class certification process.

Respectfully Submitted,

TRUSTEES OF DARTMOUTH COLLEGE

By their attorneys,

/s/ *Joan A. Lukey*
Joan A. Lukey (N.H. Bar ID #16246)
Justin J. Wolosz (*pro hac vice*)
Lyndsey M. Kruzer (*pro hac vice*)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Fax: (617) 248-4000
joan.lukey@choate.com
jwolosz@choate.com
lkruzer@choate.com

Date: May 14, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2019, I caused a true and correct copy of the foregoing Motion, filed through the ECF system, to be served electronically on all counsel of record identified on the Notice of Electronic Filing (and below) as registered participants, and that copies will be sent via first class mail to those counsel who are not registered participants on the ECF system.

>Charles G. Douglas, III
>DOUGLAS, LEONARD & GARVEY, P.C.
>14 South Street, Suite 5
>Concord, NH 03301
>(*Served via ECF*)
>
>David W. Sanford
>Nicole E. Wiitala
>SANFORD HEISLER SHARP, LLP
>1350 Avenue of the Americas, 31st Floor
>New York, New York 10019
>(*Served via ECF*)
>
>Deborah K. Marcuse
>Steven J. Kelley
>Austin L. Webbert
>SANFORD HEISLER SHARP, LLP
>111 S. Calvert Street, Suite 1950
>Baltimore, MD 21202
>(*Served via ECF*)

/s/ *Joan A. Lukey*

Joan A. Lukey