# Exhibit 2

RAPUANO, ET. AL. v. TRUSTEES OF
DARTMOUTH COLLEGE SETTLEMENT
c/o Rust Consulting
Address
Address
Phone Number

<<Barcode>>

<<FirstName>> <<Surname>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

---

**Court-Ordered Class Action Notice Inside**

**You could receive money and your rights could be affected by a Class Action Settlement in *Rapuano, et. al. v. Trustees of Dartmouth College***

*If the name and address listed to the left are incorrect, please provide the correct information to the Settlement Administrator at [phone number]. Failure to timely provide updated information could result in the forfeiture of monetary payments from this Class Action Settlement.*

---

## NOTICE OF SETTLEMENT OF CLASS ACTION

**TO:** **All current and former women graduate students at Dartmouth who meet any of the following criteria: (i) between April 1, 2012 and August 31, 2017 were graduate advisees of one or more of Todd Heatherton, William Kelley, and/or Paul Whalen (i.e., the "Three Former Professors"); (ii) between April 1, 2012 and August 31, 2017 were teaching or research assistants for one or more of the Three Former Professors; or (iii) were graduate students in the Psychological and Brain Sciences Department who, between April 1, 2012 and August 31, 2017, either co-authored at least one paper with one or more of the Three Former Professors based on research physically conducted in the lab during that time period, or co-authored at least three papers with one or more of the Three Former Professors.**

**All current and former women undergraduate students at Dartmouth who, between April 1, 2012 and August 31, 2017, worked as research assistants for one or more of the Three Former Professors. As used herein, "research assistants" includes individuals working on an honors thesis or independent research study in one or more of the Three Former Professors' labs.**

## A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued. However, your legal rights are affected by the information contained in this Notice.*

- Please read this Notice carefully. This Notice describes a proposed settlement (the "Settlement") of a pending class action lawsuit and your rights under this Settlement, including your right to receive money from this Settlement. If you do not want to be part of this Settlement, this Notice details the steps you must take to be excluded from it.
- The Court has not yet decided whether to grant final approval of the Settlement. No payments will be made unless and until the Court approves the Settlement.
- You need to decide whether to stay in the case and receive the benefits of the Settlement, object to the Settlement, or request exclusion from the Settlement. *If you wish to remain a Class Member and receive a monetary share of the Settlement, you do not have to do anything in response to this Notice.*
- The decision of whether to participate in, request to be excluded from, and/or object to the Settlement is entirely yours. No one will retaliate against you for participating (or not participating) in the Settlement.

**PLEASE READ THIS NOTICE CAREFULLY**. It describes your rights and how to receive money from the Settlement or exclude yourself from the Settlement.

# SUMMARY OF THE SETTLEMENT

On November 15, 2018, Plaintiffs and Class Representatives Kristina Rapuano, Vassiki Chauhan, Sasha Brietzke, Annemarie Brown, Andrea Courtney, Marissa Evans, and Jane Doe sued Dartmouth College in the United States District Court for the District of New Hampshire alleging, among other things, hostile academic environment claims arising from their affiliation with Dartmouth's Department of Psychological and Brain Sciences ("PBS") and former tenured PBS professors Todd Heatherton, William Kelley, and Paul Whalen (the "Three Former Professors"). Plaintiffs filed an Amended Complaint on May 1, 2019, joining Class Representatives Jane Doe 2 and Jane Doe 3. In their Complaint, Plaintiffs bring claims on behalf of themselves and all similarly situated undergraduate and graduate students (the "Lawsuit"). The Parties in this case reached a class settlement.

The Settlement makes available a total fund of **$14,000,000**. As a current or former graduate or undergraduate student who fits within the class definition, you are eligible to participate in the settlement benefits.

Dartmouth denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit and this Settlement is in no way an admission by Dartmouth that it engaged in any unlawful behavior.

The Court has preliminarily approved the Settlement. Before deciding whether to grant final approval of the Settlement, the Court wishes to inform you of the general terms of the Settlement, and what actions you need to take to participate in the benefits provided by the Settlement.

| YOUR RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING AND RECEIVE YOUR MONETARY SHARE OF THE SETTLEMENT** | If you do nothing and the Settlement receives final approval, you will automatically receive a Settlement check in the mail and will release certain claims against Dartmouth (and related parties), as described in Paragraph 16 below. |
| **SUBMIT A CONFIDENTIAL CLAIM FORM AND RECEIVE AN ADDITIONAL SUPPLEMENTAL PAYMENT** | If you submit a Confidential Claim Form and the Settlement receives final approval, you are eligible to receive an additional Supplemental Payment as described in Paragraph 10 below. |
| **REQUEST TO BE EXCLUDED FROM THE SETTLEMENT** | If you submit a request to be excluded from the Settlement on or before **[60 days from mailing of notice]** you will receive no payment under this Settlement but will retain any right you may have to file your own lawsuit for the released claims. |
| **OBJECT TO THE TERMS OF THE SETTLEMENT** | If you do not want to be excluded from the Settlement but wish to object to the terms of the Settlement, you can submit an Objection on or before **[60 days from mailing of notice]**. |

The Court will hold a Final Approval Hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give final approval to this Settlement. The hearing will be held at [TIME] on [DATE] in the courtroom of the Honorable Landya B. McCafferty at the United States District Court for the District of New Hampshire, Courtroom ____, 55 Pleasant Street, Concord, New Hampshire 03301. If the Settlement is granted final approval by the Court after the Final Approval Hearing, the Court's judgment will be final and binding. You are not required to appear at the hearing. If you are a Class Member, you will be represented by attorneys for the Class ("Class Counsel") at no cost to you.

# GENERAL INFORMATION

| 1. | **Why did I receive this Notice?** |
|---|---|

The purpose of this Notice is to inform you about this litigation, the certification of a class (the "Class"), the terms of a proposed settlement (the "Settlement"), and your rights in connection with a hearing to be held before the Court at [TIME] on [DATE] to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, your rights to receive a monetary award in the event the Settlement is approved by the Court.

| 2. | **What is this Lawsuit about?** |
|---|---|

This class action lawsuit arises from the misconduct of former tenured professors Todd Heatherton, William Kelley, and Paul Whalen (the "Three Former Professors") in Dartmouth's Department of Psychological and Brain Sciences ("PBS"). In the class action lawsuit, the Class Representatives assert legal claims for hostile academic environment and gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"); breach of fiduciary duty under New Hampshire Law; and negligent supervision and retention under New Hampshire Law. Dartmouth denies all liability or wrongdoing.

| 3. | **Has the Court decided who is right?** |
|---|---|

No. The Court has only decided that you should get a copy of this Notice so that you can review the Settlement and determine whether you want to participate in the Settlement, object to it, or exclude yourself from the Settlement.

| 4. | **What is a class action and who is involved?** |
|---|---|

In a class action lawsuit, one or more people called Class Representatives assert claims on behalf of themselves and other people. The Class Representatives in this case are Named Plaintiffs Kristina Rapuano, Vassiki Chauhan, Sasha Brietzke, Annemarie Brown, Andrea Courtney, Marissa Evans, Jane Doe, and Jane Doe 2. The Class Representatives represent the Class and the Class Members. The Settlement will resolve the claims at issue for all Class Members who do not request to be excluded.

| 5. | **Am I a Class Member?** |
|---|---|

You are a member of the Class affected by the Settlement if you fit within this definition:

    A. All current and former women graduate students at Dartmouth who meet any of the following criteria:

        (i) Between April 1, 2012 and August 31, 2017 were graduate advisees of one or more of the Three Former Professors;

        (ii) Between April 1, 2012 and August 31, 2017 were teaching or research assistants for one or more of the Three Former Professors;

        (iii) Were graduate students in the Psychological and Brain Sciences Department who, between April 1, 2012 and August 31, 2017, (i) co-authored at least one paper with one or more of the Three Former Professors based on research physically

conducted in the lab during that time period, or (ii) co-authored at least three papers with one or more of the Three Former Professors; OR

(iv)    Were graduate students in the Psychological and Brain Sciences Department between March 31, 2015 and August 31, 2017 who do not fit within categories (i)-(iii), but who will attest that they experienced dignitary, emotional, educational and/or professional harm during this period as a result of the misconduct of one or more of the Three Former Professors.

- *or* -

B.    All current and former women undergraduate students at Dartmouth who, between April 1, 2012 and August 31, 2017, worked as research assistants for one or more of the Three Former Professors. As used herein, "research assistants" includes individuals working on an honors thesis or independent research study in one or more of the Three Former Professors' labs.

You have received this Notice because available records reflect that you fit the definition outlined above, and therefore you are a Class Member in the proposed Settlement of this Lawsuit. It is estimated that there are approximately 90 Class Members affected by the Settlement.

## 6.    Why is this Lawsuit being settled?

In order to resolve their differences and avoid the risks, uncertainties, time, and resources of future litigation, the Parties agreed to explore possible resolution of the Lawsuit. Under the supervision of a nationally known and experienced mediator, the Parties engaged in settlement negotiations that resulted in the agreement to settle this action as reflected in this Notice of Class Action Settlement and the underlying Settlement Agreement.

Based upon their investigation, Class Counsel and the Class Representatives have concluded that the terms of the proposed Settlement are fair, reasonable, adequate, and in the best interests of the Class. In reaching this conclusion, Class Counsel has analyzed the benefits of the settlement and the risk of an unfavorable outcome, as well as the expense and length of continued proceedings necessary to prosecute this action. Dartmouth has agreed to these settlement terms because it wishes to avoid further costly, disruptive, and time-consuming litigation, and desires to obtain complete and final settlement of the claims of the Plaintiffs and Class Members. Dartmouth denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit and this Settlement is in no way an admission by Dartmouth that it engaged in any unlawful behavior.

## 7.    Who represents the Class Members in the Lawsuit?

In class actions, Class Members are represented by Court-appointed lawyers ("Class Counsel"). In this case, you are represented by David Sanford, Deborah Marcuse, Steven Kelly, Nicole Wiitala, and Austin Webbert of SANFORD HEISLER SHARP, LLP.  Counsel is experienced in handling similar cases, and the Court has determined that Class Counsel is qualified to represent you and all Class Members. You can contact Class Counsel at:

**SANFORD HEISLER SHARP, LLP**
**1350 Avenue of the Americas, 31st Floor**
**New York, NY 10019**
**Phone: (646) 402-5650**
**Facsimile: (646) 402-5651**
**Email: dartmouthclassaction@sanfordheisler.com**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. Nonetheless, you may hire your own lawyer if you wish. If you hire your own lawyer, you are responsible for paying for that lawyer. Subject to Court approval, Class Counsel and Local Counsel (Douglas, Leonard, & Garvey, P.C.) will be paid for its fees and costs from the Settlement (see Paragraph 15 below).

## 8. Who is the Settlement Administrator?

The Settlement Administrator is a third party appointed by the Court to send this Notice, process and issue Settlement checks, and otherwise administer the Settlement. You may contact the Settlement Administrator to provide updated contact information or ask questions regarding the processing of Settlement awards. You may contact the Settlement Administrator at:

> **RAPUANO, ET. AL. v. TRUSTEES OF DARTMOUTH COLLEGE SETTLEMENT**
> **c/o Rust Consulting**
> **[Address]**
> **[Phone Number]**
> **[Email]**

# SUMMARY OF THE SETTLEMENT TERMS

## 9. What has Dartmouth agreed to do under the Settlement?

Under the Settlement Agreement, Dartmouth has agreed to pay **$14,000,000**. In addition to this monetary payment, Dartmouth has agreed to a forward-looking commitment to undertake the following programmatic measures:

- Dartmouth will provide an additional $1,000,000 to the Provost's Diversity Recruitment Fund and expand the allowable use of this fund to support the hiring of faculty with expertise in gender and racial discrimination and violence;

- Dartmouth will add two additional members to the External Advisory Committee, which is intended to provide the independent external oversight of the progress of the Campus Climate and Culture Initiative (C3I). Dartmouth and the Plaintiffs will jointly propose nominees for positions on the External Advisory Committee. The External Advisory Committee will be asked to recommend whether other mechanisms to solicit input and feedback from the broadest cross-section of the community are needed, and will be asked to recommend whether other advisory structures (e.g. a separate internal-external Advisory Board) would better advance the goals of C3I. The External Advisory Committee and the Provost will participate in meetings with the Plaintiffs to receive recommendations and ensure continuing dialogue and feedback on the implementation of these programmatic measures.

- Within one year of this Settlement, Dartmouth, in connection with the External Advisory Committee, will review Dartmouth's partnership with WISE and determine whether to (a) add an additional WISE staff on campus, or (b) as an alternative, provide $500,000 in support to WISE over a five year period.

## 10. How are Class Members' Settlement awards determined?

Under this class action Settlement, you are eligible for two different kinds of payments: Base Payments and Supplemental Payments. **You will automatically receive a Base Payment of $1,000 without taking any additional action.**

In addition**, you are also eligible to receive a Supplemental Payment if you complete the Confidential Claim Form enclosed with this Notice** ("Claim Submission"). The Supplemental Payment will be determined by an Independent Claims Expert based upon an independent evaluation of your Claim Submission. All Claim Submissions will be kept confidential and will only be used to administer payments in this class action Settlement. The Independent Claims Expert will evaluate the Claim Submissions to determine each Class Member's proportional *pro rata* share of the settlement funds. The Independent Claims Expert shall base the allocation on the information provided in each Claim Form—including all facts that pre- or post-date the class period—and all relevant supporting documentation submitted by the Class Members.

In arriving at the distribution, the Independent Claims Expert shall consider the following factors: (a) the description of the severity of the alleged hostile environment (including but not limited to sexual harassment, sexual assault, and/or retaliation) suffered by the Class Member; (b) the description of the duration of the alleged hostile environment (including but not limited to sexual harassment, sexual assault, and/or retaliation) suffered by the Class Member; (c) the severity and duration of emotional distress alleged by the Class Member as a result of the hostile environment; (d) the degree to which the Class Member alleges that she suffered physical illness as a result of the hostile environment; (e) the degree to which the Class Member alleges she suffered functional impairment that impacted her studies, work and/or related activities as a result of the alleged hostile environment; (f) the degree to which the Class Member alleges she suffered impairment to her personal life, including familial, social and romantic relationships, as a result of the alleged hostile environment; (g) the degree to which the Class Member alleges that she suffered direct or indirect economic losses as a result of the alleged hostile environment, including (without limitation) medical and/or counseling expenses; (h) the degree to which the Class Member alleges that she will require future treatment as a result of the alleged hostile environment; and (i) the merits and overall likelihood of success of each Class Member's claims under Title IX.  In addition, the Independent Claims Expert will consider any documentation and/or evidence provided by the Class Member demonstrating the harm caused by the alleged hostile environment. With respect to factors (c) and (d), the Independent Claims Expert shall give greater weight to those Class Members who submit medical or mental health records supporting their allegations of emotional distress or physical illness caused by the hostile environment. The Independent Claims Expert's allocation decision shall be discretionary, binding, and final and shall not be subject to review.

**The Claim Submission guidelines and instructions are attached to this Notice.**  As an overview, in order to receive a supplemental payment, you must submit (1) a written statement, and (2) the Required Certification Form included at the bottom of this document by no later than 11:59 P.M. on [DATE].  Your Confidential Claim Form may be submitted online (by visiting _____), by email (_____), or by mail (_____).  Written statements must not exceed ten (10) pages single-spaced.  **PLEASE CAREFULLY REVIEW THE CLAIM SUBMISSION GUIDELINES ATTACHED TO THIS NOTICE FOR ADDITIONAL INFORMATION AND INSTRUCTIONS.**

Court-approved payments for the expense of administering the Settlement, Service Awards (to compensate the Plaintiffs for the time and effort they devoted to representing the Class in this case), and Class Counsel's fees and expenses will be deducted from the $14 Million class fund.  The remaining sum will be distributed to the Plaintiffs and all participating Class Members according to the aforementioned distribution method. In order to reach a settlement, the Parties agreed that Jane Doe 3, who is not within the defined class, will go through the supplemental claims process in the same manner as all class members; any compensation to Jane Doe 3 will be allocated by the Independent Claims Expert and paid from the class fund.

## 11.     Are there tax consequences for money I receive?

For tax purposes, each Base Payment and each Supplemental Payment that is issued will be reported on a Form 1099-MISC in Box 3 ("Other Income"). Neither Class Counsel nor Dartmouth make any

representations concerning the tax consequences of this Settlement, and Class Members who receive payments are advised to seek their own personal tax advice in connection with the settlement payments.

### 12.   How long do I have to cash my Settlement check?

Any checks not cashed after **six (6) months** from the date of the class-wide distribution shall be void. After that, the funds from uncashed Class Member Awards will be donated to an appropriate non-profit entity approved by the Court.

### 13.   How much will it cost to administer the Settlement?

Class Counsel will apply to the Court for payment to the Settlement Administrator and the Independent Claims Expert for their fees and costs, which shall not exceed $110,000.

### 14.   What is a "Service Award?"

In class actions, the Court may provide specific Class Members a "Service Award" in recognition of the time, effort, and risks taken in the litigation of the case on behalf of the Class. In this Lawsuit, Class Counsel will apply for service awards of $75,000 for each of the Plaintiffs to compensate them for the time and effort they devoted to representing the Class in this case, including the time they spent consulting with Class Counsel about the case.

### 15.   How will the lawyers be paid?

Class Members are not personally liable for any fees and costs. As is routine in class action cases, Plaintiffs' Counsel (Sanford Heisler Sharp, LLP and Douglas, Leonard, & Garvey, P.C.) will request an award of attorneys' fees and expenses already incurred as well as the fees and expenses that will be incurred during the implementation of the Settlement. These fees and expenses have been incurred as Class Counsel has pursued these claims on behalf of Plaintiffs and the Class without receiving any compensation for its services or reimbursement of its out-of-pocket litigation expenses, which are substantial. Class Counsel has undertaken significant risks in pursuing this matter. Class Counsel has done so with the understanding that if it obtained a recovery for the Class, its expenses would be reimbursed and it would receive fees from the fund recovered. Accordingly, Class Counsel will apply to the Court for an award of attorneys' fees (not exceeding 35% of the total settlement amount) plus reimbursement for out-of-pocket litigation expenses, including fees and costs incurred by the Settlement Administrator and the Independent Claims Expert in administering the Settlement (which are not expected to exceed $300,000).

# RELEASE OF CLAIMS

### 16.   What claims are Class Members releasing under the Settlement?

Upon final Court approval of the Settlement by the Court, Class Members who do not request to be excluded from the Settlement will fully release any known or unknown claims, arising on or before the date that the release becomes effective (the "Effective Date"), which were alleged or could have been alleged in the Lawsuit based on the facts alleged in the Lawsuit. When claims are "released" it means that a person covered by the release cannot sue the Released Parties for these claims.

The released claims include any claims arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the class claims pled in the

Lawsuit, including without limitation, any claims arising from the alleged conduct of the Three Former Professors and Dartmouth's alleged acts and omissions in relation thereto.

The released claims include known and unknown claims, and Class Members who participate in the Settlement expressly waive and relinquish any rights they may have under any statutes or principles that limit the release of unknown claims, including without limitation the provisions, rights and benefits of Section 1542 of the California Civil Code, which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Class Members who do not request to be excluded will receive a Settlement check with the following statement printed on it: "I have received and read the Class Notice in *Rapuano, et. al. v. Trustees of Dartmouth College*. By negotiating this check and accepting payment, I elect to participate in the Settlement, and agree that I have waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice in this lawsuit. This Release will be effective as of the Effective Date."

The Released Parties include Dartmouth, its administrators, trustees, employees, insurers, representatives, and assigns. The full terms of the release are set forth in the Settlement Agreement. However, this Release shall not extend to claims or potential claims that any Releasing Party may possess against the Three Former Professors, who were not parties to this Litigation, provided that such claims may proceed only against the Three Former Professors personally, and any potential liability that the Released Parties may have had, or arguably had, for such conduct is released.

You may obtain a copy of the Settlement Agreement by visiting (website) or contacting Class Counsel (as listed in Paragraph 7 of this Notice). Alternatively, you can view the Settlement Agreement in hard copy in the Office of the Clerk, United States District Court for the District of New Hampshire, 55 Pleasant Street, Room 110, Concord, NH 03301.

# YOUR RIGHTS AND OPTIONS

| 17. | How do I participate in the Settlement? |
|-----|------------------------------------------|

If you are a Class Member and do not request to be excluded from the Settlement, you will automatically receive a settlement check for a Base Payment of $1,000 and release claims against the Released Parties (see Paragraphs 10 and 16 above) without any further action on your part.  You are also eligible to receive a Supplemental Payment if you submit a confidential Claim Form (see Paragraph 10 above).

| 18. | How do I request to be excluded from the Settlement? |
|-----|-------------------------------------------------------|

If you want to exclude yourself from the Settlement (that is, not receive any money from the Settlement and not be bound by the Settlement), you must mail a written statement (an "Exclusion Request") to the Settlement Administrator at the address set forth above (Paragraph 8) stating that you wish to be excluded from the Settlement in *Rapuano, et. al. v. Trustees of Dartmouth College*.  The Exclusion Request must be signed by the Class Member who seeks to opt out and must contain her name, address and telephone number. No Exclusion Request may be made on behalf of a group of Class Members. **IF YOU EXCLUDE YOURSELF FROM THIS SETTLEMENT, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY MONEY FROM OR BE BOUND BY THIS SETTLEMENT.** To be effective, your Exclusion Request must be postmarked no later than [60 days from mailing of notice].

| 19. | **How do I object to the Settlement?** |
|---|---|

If you wish to object to the Settlement, you may do so in writing by mailing to the Settlement Administrator (address) and Defendant's Counsel (Joan A. Lukey, Choate, Hall & Stewart LLP, Two International Place, Boston MA, 02110) a detailed written description of the basis of the objection. To be effective, your objection must be postmarked no later than [60 days from mailing of notice]. Any objection must clearly state that you are objecting to the Settlement in *Rapuano, et. al. v. Trustees of Dartmouth College* and must include (a) your full name, address, email address, and phone number; (b) a written statement of all grounds for the objection accompanied by any legal support for the objection; (c) copies of any papers, briefs, or other documents upon which the objection is based; (d) a list of all persons who will be called to testify in support of the objection; (e) a statement of whether the objector intends to appear at the Fairness Hearing; and (f) a list of any other objections that the Settlement Class Member or her lawyer has made to any class action settlements submitted to any court in the United States in the previous five years.

You must be a Class Member in the Settlement in order to object to its terms. You cannot both object to the Settlement and exclude yourself from the Settlement. If the Court rejects your objection, you will still be bound by the terms of the Settlement and you will not be able to exclude yourself from the Settlement.

## FINAL APPROVAL HEARING

| 20. | **When will the Court consider whether to grant final approval of the Settlement?** |
|---|---|

The Court will hold a Final Approval Hearing to decide whether to grant final approval of the Settlement on [**date**] at [**time**] in the courtroom of the Honorable Landya B. McCafferty at the United States District Court for the District of New Hampshire, Courtroom _____, 55 Pleasant Street, Concord, New Hampshire 03301.

It is not necessary for you to appear at this hearing. If you have timely submitted an objection to the Settlement, you may, but are not required to, appear at the hearing to argue your objection to the Court. Any attorney who you wish to represent you at the Final Approval Hearing for the purposes of your objection must file a Notice of Appearance with the Court and serve the Notice of Appearance on Class Counsel (contact information in Paragraph 7 above) and counsel for Dartmouth (Joan A. Lukey, Choate, Hall & Stewart LLP, Two International Place, Boston MA, 02110) by [**60 days from mailing of notice**].

The hearing may be postponed without further notice to the Class. If the Settlement is not approved, the Lawsuit will continue to move forward for a class certification hearing, trial, or other judicial resolution.

## FURTHER INFORMATION

| 21. | **How do I receive more information?** |
|---|---|

This Notice contains only a summary of the terms of the Settlement, the provisions of the releases and related matters. For further information, the Settlement Agreement (which includes the complete terms of the Settlement), the Release, and numerous other documents connected with the Settlement are available by visiting (website) or contacting Class Counsel (as listed in Paragraph 7 of this Notice) or, alternatively, can be viewed in hard copy in the Office of the Clerk, United States District Court for the District of New Hampshire, 55 Pleasant Street, Room 110, Concord, NH 03301.

If you have more questions about this Notice or this Lawsuit, you can contact the Settlement Administrator (see contact information in Paragraph 8) or Class Counsel (see contact information in Paragraph 7).

**PLEASE DO NOT TELEPHONE OR OTHERWISE CONTACT THE COURT, THE OFFICE OF THE CLERK, DARTMOUTH, OR COUNSEL FOR DARTMOUTH FOR INFORMATION REGARDING THIS NOTICE**

## CONFIDENTIAL CLAIM FORM AND REQUIRED CERTIFICATION FORM FOR ELIGIBILITY TO RECEIVE A SUPPLEMENTAL PAYMENT

If you are being sent this Claim Form, you are already entitled to receive a Base Payment ($1,000) in the class action Settlement in *Rapuano, et. al. v. Trustees of Dartmouth College*. You may also be eligible for an *additional* Supplemental Payment if you submit a written statement and the required certification form. **PLEASE READ THE FOLLOWING INSTRUCTIONS AND GUIDELINES CAREFULLY.**

To receive a Supplemental Payment, you **must** submit (1) a written statement, *and* (2) the Required Certification Form included at the bottom of this document **BY NO LATER THAN 11:59 P.M. ON [60 days from mailing of notice]**. You can submit your Confidential Written Statement and Required Certification Form (1) online by visiting [website] OR (2) by e-mail (_____); OR (3) by mail (_____). (See Section E, below.)

Please be sure that you comply with any page limitations and formatting restrictions set forth below (see Section A). We have also included guidelines concerning the content of your statement (Section B) and the optional submission of supporting documentation (Section C).

YOUR WRITTEN STATEMENTS AND ANY SUPPORTING DOCUMENTATION WILL BE KEPT **CONFIDENTIAL** AND WILL ONLY BE USED TO ADMINISTER PAYMENTS IN THIS CLASS ACTION SETTLEMENT.
**Your Confidential Written Statements will not be made public and will not be provided to Dartmouth.**

### A. Page Limitations and Formatting

To receive a Supplemental Payment, you must submit a written statement. Your written statement **must not exceed 10 single-spaced pages**. Typewritten statements should be in a **12-point** standard font (i.e. Times New Roman, Arial, Calibri, Courier New, or Garamond). If you are submitting a handwritten statement, please use an ink pen and be sure that your writing is legible.

As discussed below, your written statement should, to the extent applicable, address the nine factors that will be considered by the Independent Claims Expert (see Section B below). However, you are welcome to write your statement as a narrative (essentially telling your story) rather than addressing each factor in turn.

### B. What should my statement include?

We understand that writing this statement may be difficult and evoke disturbing memories. Please try to **provide as much information and detail as you are comfortable with** in your written statements regarding your claims and the harm you suffered as a result of the alleged hostile environment (including but not limited to sexual harassment, sexual assault, and/or retaliation).

The Independent Claims Expert will consider the nine factors listed below in determining how to allocate the supplemental payments. **Your written statement should address any of the nine factors set forth that are applicable to you.** You are *not required* to address every factor and need not address factors that are not applicable to you. The factors to be considered by the Independent Claims Expert are as follows:

a) the description of the severity of the alleged hostile environment (including but not limited to sexual harassment, sexual assault, and/or retaliation) suffered by the Class Member;

b) the description of the duration of the alleged hostile environment (including but not limited to sexual harassment, sexual assault, and/or retaliation) suffered by the Class Member;

c) the severity and duration of emotional distress alleged by the Class Member as a result of the hostile environment;

d) the degree to which the Class Member alleges that she suffered physical illness as a result of the hostile environment;

e) the degree to which the Class Member alleges she suffered functional impairment that impacted her studies, work and/or related activities as a result of the alleged hostile environment;

f) the degree to which the Class Member alleges she suffered impairment to her personal life, including familial, social and romantic relationships, as a result of the alleged hostile environment;

g) the degree to which the Class Member alleges that she suffered direct or indirect economic losses as a result of the alleged hostile environment, including (without limitation) medical and/or counseling expenses;

h) the degree to which the Class Member alleges that she will require future treatment as a result of the alleged hostile environment; and

i) the merits and overall likelihood of success of each Class Member's claims under Title IX.

In addition, the Independent Claims Expert will consider any documentation and/or evidence provided by the Class Member demonstrating the harm caused by the alleged hostile environment (see Section C below). With respect to factors (c) and (d), the Independent Claims Expert shall give greater weight to those Class Members who submit medical or mental health records supporting their allegations of emotional distress or physical illness caused by the hostile environment.

## C.  *Optional* Supporting Documentation or Evidence

You *may*—but *are not required to*—submit supporting documentation or evidence supporting the harm caused to you by the alleged hostile environment.  Examples of supporting documentation include, but are not limited to, the following: medical records, bills, receipts, e-mails, text messages, pictures, or other documentation supporting or corroborating your claims or the harm you suffered; sworn statements by third parties supporting or corroborating your claims or the harm you suffered (statements by third parties must be notarized by the third party and contain the following statement: "I declare under penalty of perjury that the information I have provided is true and correct."); and/or letters from medical care or mental health providers (written on their business letterhead).

With respect to factors (c) and (d), the Independent Claims Expert shall give greater weight to those Class Members who submit medical or mental health records supporting their allegations of emotional distress or physical illness caused by the hostile environment.  Medical records may be obtained by contacting your healthcare provider.  Please contact your healthcare provider well in advance of the deadline, as these records may take some time to obtain.

## D.  Required Certification Form

**You must complete and submit the required certification form included at the end of this document.** This certification requires you to declare, under penalty of perjury, that the written statement and any supporting documentation you provide are true and correct.  The verification form does not need to be notarized.

**E.  How do I submit my written statement, and when is it due?**

**To receive a Supplemental Payment, you <u>must</u> submit (1) a written statement, <u>*and*</u> (2) the Required Certification Form included at the bottom of this document <u>by 11:59 p.m. on [60 days from mailing of notice]</u>.**  Optional supporting documentation (see Section C, above) must also be submitted by this deadline.

**You can submit your written statement and required certification in one of three ways: (1) online by visiting [<u>website</u>]; <u>*OR*</u> (2) by e-mail (_____); <u>*OR*</u> (3) by mail (_____).**

Please note that Class Counsel and the Settlement Administrator are available to provide you with assistance in completing this Claim Form. If you have any questions, please contact Class Counsel or the Settlement Administrator as soon as possible and well in advance of the Claim Form deadline listed above. Their contact information is:

|  |  |
|---|---|
| Class Counsel: | Sanford Heisler Sharp, LLP |
|  | 1350 Avenue of the Americas, 31st Floor |
|  | New York, NY 10019 |
|  | dartmouthclassaction@sanfordheisler.com |
|  | (646) 402-5650 |
|  |  |
| Settlement Administrator: | Rust Consulting |
|  | [ADDRESS, WEBSITE, PHONE NUMBER TO BE ADDED] |

*Confidential Claim Form and Required Certification Form (Supplemental Payment)*

## <u>REQUIRED CERTIFICATION FORM</u>

*For your Claim Form to be accepted, you <u>must</u> complete the following certification.*
*You do <u>not</u> need to have this certification notarized.*

**I DECLARE UNDER PENALTY OF PERJURY THAT THE WRITTEN STATEMENT AND ANY SUPPORTING DOCUMENTATION I PROVIDED ARE TRUE AND CORRECT.**

**Your Signature:**      _____

**Your Printed Name:**   _____

**Date:**              _____