# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, JANE DOE, JANE DOE 2, and JANE DOE 3,**<br><br>*Plaintiffs, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendant.* | Hon. Landya B. McCafferty, U.S.D.J.<br><br>CASE NO. 1:18-cv-01070 (LM) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
THE CLASS SETTLEMENT AND PROVIDING FOR NOTICE**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement and supporting Memorandum of Law, and upon the Court's review of exhibits annexed to such motion, including the Proposed Class Action Settlement ("Settlement" or "Settlement Agreement") and exhibits thereto, the proposed Notices, and the pleadings and proceedings in this case to date, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court, for the purposes of this Order, adopts all the defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Court hereby preliminarily certifies a Settlement Class composed of the following individuals:

      a.      All current and former women graduate students at Dartmouth who meet any of the following criteria:

      i.      Between April 1, 2012 and August 31, 2017 were graduate advisees of one of more of Todd Heatherton, William Kelley, and/or Paul Whalen (collectively "the Three Former Professors");

      ii.      Between April 1, 2012 and August 31, 2017 were teaching or research assistants for one or more of the Three Former Professors;

      iii.      Were graduate students in the Psychological and Brain Sciences Department who, between April 1, 2012 and August 31, 2017, (i) co-authored at least one paper with one or more of the Three Former Professors based on research physically conducted in the lab during that time period, or (ii) co-authored at least three papers with one or more of the Three Former Professors; OR

      iv.      Were graduate students in the Psychological and Brain Sciences Department between March 31, 2015 and August 31, 2017 who do not fit within categories (i)-(iii), but who will attest that they experienced dignitary, emotional, educational and/or professional harm during this period as a result of the misconduct of one or more of the Three Former Professors.

    b.    All current and former women undergraduate students at Dartmouth who, between April 1, 2012 and August 31, 2017, worked as research assistants for one or more of the Three Former Professors. As used herein, "research assistants" includes individuals working on an honors thesis or independent research study in one or more of the Three Former Professors' labs.

    3.    The Court hereby appoints as Class Counsel David W. Sanford, Deborah K. Marcuse, Steven J. Kelley, Nicole E. Wiitala, and Austin L. Webbert of Sanford Heisler Sharp, LLP to represent the Class for purposes of Settlement. Preliminarily and for the purposes of

settlement only, the Court hereby appoints Plaintiffs Kristina Rapuano, Vassiki Chauhan, Sasha Brietzke, Annmarie Brown, Andrea Courtney, Marissa Evans, Jane Doe, and Jane Doe 2 as Settlement Class Representatives.

4.  The Court preliminarily approves the Settlement as being fair, reasonable, and adequate and finds that the Agreement was the product of good faith, arm's-length negotiations such that providing notice of the Settlement to Settlement Class Members and holding a Fairness Hearing are warranted.

5.  Accordingly, the Court preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the final approval hearing (the "Fairness Hearing") to be held before this Court on _____, 2019, at __:__ _.m., at the United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, New Hampshire 03301, Courtroom __.  The purpose of the Fairness Hearing will be to determine (a) whether the proposed Settlement Agreement and Plan of Allocation are fair, reasonable, and adequate and should be finally approved by the Court; (b) whether a Judgment should be entered dismissing the Litigation with prejudice, and forever releasing the Claims against the Released Parties as set forth in the Agreement; (c) whether to award attorneys' fees, reimbursement of litigation expenses, and service awards as requested by Class Counsel; and (d) to rule upon such other matters as the Court may deem appropriate.

6.  Pending further order of the Court, all litigation activity, except that contemplated herein, in the Agreement, or in the Notice, remains enjoined and stayed and all hearings, deadlines, and other proceedings in this Litigation, excepting the Fairness Hearing, are hereby taken off the calendar.

7. The Court approves the form, substance, and requirements of the Notice, and finds that the procedures established for publication, mailing, and distribution of such Notices substantially in the manner and form proposed by Class Counsel constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  Under no circumstances shall any Settlement Class Member be relieved from the terms of the Agreement, including the release provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

8. As soon as possible after this Order is entered, the Settlement Administrator shall cause the Notices to be to distributed to all Settlement Class Members by United States first class mail. The Settlement Administrator may also distribute the Notice by email (to the extent email addresses are available).  Defendant shall cooperate reasonably with Class Counsel and the Settlement Administrator in identifying Settlement Class Members and providing reasonably available contact information.  The Notice shall also be posted on the Claims Administrator's website.  Class Counsel shall, at or before the Fairness hearing, file with the Court proof of dissemination of the Notice.

9. The Court approves Class Counsel's selection of Rust Consulting as Settlement Administrator and Maria C. Walsh, Esq. as Independent Claims Expert.

10. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA"), the Defendant will serve any documents required by the CAFA on the United States Attorney General and the Attorney Generals for the States where Settlement Class Members reside, unless such service is already completed at the time this Order is issued.

11. Class Counsel shall submit its papers in support of final approval of the Agreement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of litigation expenses and Plaintiffs' request for service awards by no later than 28 calendar days before the Fairness Hearing, and any reply papers in support thereof by no later than 5 calendar days before the Fairness hearing.

12. Settlement Class Members shall be bound by all determinations and the judgment in this Litigation, whether favorable or unfavorable, unless such Person requests exclusion from the Settlement Class in a timely and proper manner. A Settlement Class Member wishing to make such an exclusion request must do so in accordance with the procedures and deadlines set forth in the Class Notices. The request for exclusion shall not be effective unless it complies with the requirements and deadlines set forth in the Notices, unless the exclusion is otherwise accepted by the Parties or the Court.

13. Any Settlement Class Member who has not requested exclusion from the Settlement Class may object to the Settlement in accordance with the procedures and deadlines set forth in the Class Notices. To object to the Settlement, a Class Member must send written objections to the Settlement Administrator and Defendant's Counsel (Joan A. Lukey, Choate, Hall & Stewart LLP, Two International Place, Boston MA, 02110) setting forth a detailed basis of the objection and copies of any supporting papers and briefs. Any objection must include (a) the full name, address, email address if available, and phone number of the objecting Settlement Class Member, (b) a written statement of all grounds for the objection accompanied by any legal support for the objection, (c) copies of any papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to testify in support of the objection, (e) a statement of whether the objector intends to appear at the Fairness Hearing, and (f) a list of any

other objections that the Settlement Class Member or her lawyer has made to any class action settlements submitted to any court in the United States in the previous five years. Any Settlement Class Member who has submitted such a written objection in accordance with these terms may appear at the Fairness Hearing. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to Settlement. By objecting, or otherwise requesting to be heard at the Fairness Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement.

14. The Court preliminarily approves the Plan of Allocation set forth in the Settlement.

15. The administration of the proposed Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Class Settlement Amount shall be under the jurisdiction of this Court.

16. The Court expressly reserves the right (a) to adjourn or continue the Fairness Hearing without any further notice to Settlement Class Members other than an announcement at the Fairness Hearing, and (b) to approve the Agreement and/or the Plan of Allocation with modification without further notice to Settlement Class Members.

17. This Order should not be construed as, or deemed to be, evidence of a presumption, implication, concession, or admission by Defendant concerning any alleged liability, fault, or wrongdoing, or the appropriateness of any measure of alleged loss or damages.

18. In the event that the Agreement and Judgment do not become Final or the Agreement is terminated as provided in the Agreement, then this Preliminary Approval Order shall be rendered null and void to the extent provided by and in accordance with the Agreement, and

shall be vacated to the extent provided by the Agreement, and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement; (b) the fact of the Agreement shall not be admissible in any trial of the Action and the parties to the Agreement shall be deemed to have reverted nunc pro tunc to their respective status in the Action immediately before September 10, 2019, except for purposes of enforcing the relevant portions of the Agreement; and (c) within 14 days of entry of the Final order rendering the Agreement and Judgment non-Final or notice of the Agreement being terminated, all monies previously paid from the Class Settlement Amount, including interest but less any costs or expenses properly incurred and approved by the Court, shall be immediately returned to Defendant. Under those circumstances, Class Counsel shall undertake to return those amounts to Defendant by taking all steps reasonably necessary to cause the monies to be repaid.

19. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Agreement.

_____
Honorable Landya B. McCafferty
United States District Chief Judge
Date: _____