## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, JANE DOE, JANE DOE 2, and JANE DOE 3,<br><br>*Plaintiffs, on behalf of themselves and all others similarly situated,*<br><br>v.<br><br>**TRUSTEES OF DARTMOUTH COLLEGE,**<br><br>*Defendant.* | Hon. Landya B. McCafferty, U.S.D.J.<br><br>CASE NO. 1:18-cv-01070 (LM)<br><br>**DECLARATION OF DAVID W. SANFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

I, David W. Sanford, hereby declare as follows:

1. I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement.

2. I make this Declaration based upon personal knowledge. If called and sworn as a witness, I would testify competently as to the facts in this Declaration.

3. I am an attorney duly admitted to practice law in the District of Columbia, the State of Maryland, and the State of New York. I am admitted *pro hac vice* in this matter.

4. I make this declaration in support of Plaintiffs' request that the Court (i) enter the Proposed Order granting Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement; (ii) preliminarily certify the proposed Class for settlement purposes under Rule 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appoint Sanford Heisler Sharp, LLP as Class Counsel and Plaintiffs Rapuano, Chauhan, Brietzke, Brown, Courtney, Evans, Jane Doe, and Jane Doe 2 as Settlement Class Representatives; (iv) approve the substance, form, and manner of the

Notices of Class Action Settlement and Confidential Claim Form for mailing to all members of the Class; and (v) schedule a Final Approval Hearing.

**I.      Counsel's Background**

5.      I am founding partner and Chairman of Sanford Heisler Sharp, LLP ("the Firm"). I am class counsel in the above-captioned matter.

6.      I graduated from Stanford Law School in 1995. I was a law clerk for Judge Gladys Kessler of the United States District Court for the District of Columbia from 1995 through 1996. I have been a member in good standing of the Maryland State Bar and the District of Columbia Bar since 1998, and the New York State Bar since February 25, 2019.

7.      Since 2001, I have obtained approximately 35 class settlements in Title VII and wage and hour matters throughout the United States, and I am currently serving as lead counsel in numerous class, individual, and *qui tam* matters. I was lead class counsel and lead trial counsel in *Velez v. Novartis Pharmaceuticals Corp.*, No. 04-cv-9194 (S.D.N. Y), which resulted in the largest verdict in a Title VII discrimination class action in United States history.

8.      I was inducted into the National Law Journal's Elite Trial Lawyers Hall of Fame and I am listed among the top 100 trial lawyers by the National Trial Lawyers. I was a 2018 Attorney of the Year Finalist for *The American Lawyer*; I was the 2018 Benchmark Litigation Employment Attorney of the Year; and I was recently inducted as a Fellow of the American Bar Foundation. I have been recognized as a "Top Employment Lawyer" by *American Lawyer*, *Corporate Counsel* and the *National Law Journal*. I have been recognized by *Law 360* as a "Titan of the Plaintiffs' Bar" (in 2018 and 2014) and an "Employment MVP" (in 2014, 2015, and 2018); by *Chambers* as a Leader in the Field for Labor and Employment (in 2017, 2018, and 2019); by the *National Law Journal* as a 2018 Trailblazer Plaintiffs' Lawyer; and as a "Super Lawyer" in

both Washington, D.C. and New York. Since 2006, I have been AV-rated by Martindale-Hubbell, which is the highest rating given to an attorney by judges and attorneys throughout the United States.

9. From its formation in 2004, and to date, Sanford Heisler Sharp has been significantly involved in civil rights and employment class action litigation. The Firm has served as counsel in numerous class actions around the United States, generating hundreds of millions of dollars in recoveries to class members.

10. Sanford Heisler Sharp attorneys have served as lead or co-lead counsel in approximately 50 class and collective actions, covering class members in most of the states in the union. These cases have been filed in over 20 federal and state jurisdictions across the United States, including New York, California, New Jersey, Illinois, Tennessee, Massachusetts, Connecticut, Alaska, Virginia, Kentucky, Georgia, Florida, and Washington D.C.

11. Sanford Heisler Sharp has served as class counsel in numerous employment and wage-and-hour cases including: *Velez v. Novartis Pharmaceuticals Corp.*, No. 04-cv-9194 (S.D.N.Y); *Hernandez et al. v. C&S Wholesale Grocers, Inc.*, No. 7:06-CV-02675 (S.D.N.Y. 2008); and *Zolkos v. Scriptfleet, Inc.*, No, 12 Civ. 8230(GF), WL 7011819 (N.D. Ill. 2014). The Firm has also served as class counsel in *Rosenberg, et al. v. Ikon Office Solutions, Inc.*, No. 1:05-cv-09131-PAC (S.D.N.Y.) (pay, promotion, and other Title VII claims for a class of African American employees; certified settlement class); *Fogg v. Sessions* (pay, promotion, and assignment discrimination for a class of African American law enforcement and operational personnel with the U.S. marshals service dating back over twenty years; certified class beginning from 1994-present); *Barrett v. Forrest Labs., Inc.,* No. 12-cv-5224 (S.D.N.Y.) (pay, promotion, and pregnancy discrimination for a class of female accounting professionals; certified settlement

3

class); and *Wellens, et. al. v. Daiichi Sankyo, Inc.,* No. C 13-00581 (N.D. Cal.) (pay, promotion, and pregnancy discrimination claims for a class of female pharmaceutical sales representatives; conditionally certified national pay class).

12. Sanford Heisler Sharp's class actions have resulted in significant recoveries and injunctive relief for class members, including the largest jury verdict ever awarded in an employment discrimination class action. The *Velez* case resulted in a jury verdict of $250 million in punitive damages awarded to more than 7,000 female sales representatives and $3.6 million compensatory damages awarded to 12 class members.

13. Sanford Heisler Sharp has been repeatedly recognized for its high-caliber representation of its clients and high standing at the bar. For example, at the final fairness hearing in *Velez,* the judge commented that the firm had achieved an "extraordinary" result: "This was a well prepared case. It was a brilliantly tried case by plaintiff's counsel . . . and it yielded a one-of-a-kind result, and that has led to a one-of-a-kind settlement."

14. At the final fairness hearing in *Jane Doe 2 v. The Georgetown Synagogue et al.*, Civil Action No. 2014 CAB 8073 (D.C. Super. Ct. 2018), at which the Court approved a $14.25 million class action settlement benefiting the victims of a rabbi who videotaped women without their knowledge or consent while they undressed at a Jewish ritual bath facility that he oversaw, the Court concluded the case by praising the work of counsel on the case, stating: "I commend you highly for the work that you've done, the skill that you've demonstrated, and for the significant outcome that has occurred as a result of those efforts." Sanford Heisler Sharp was Lead Class Counsel in the *Jane Doe 2* matter.

15. At the final fairness hearing in *Hernandez et al. v. C&S Wholesale Grocers, Inc.,* No. 7:06-CV-02675 (S.D.N.Y. 2008), the judge described the firm as "exceptionally able and

4

experienced" and praised "the work that counsel have put in, not just in terms of the quantity, but what it was that counsel did, with obviously the tremendous amount of work . . ." and acknowledged a highly favorable result in "obviously a very complex dispute, both in terms of the law and in terms of the facts."

16. In *Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 6230(GF), 2014 WL 7011819, at* 5 (N.D. Ill. Dec. 12, 2014), the court appointed Sanford Heisler Sharp, among other firms, as class counsel and preliminarily approved a class wage and hour settlement. In relevant part, the court stated:

> Similarly, Sanford Heisler is very experienced in complex class and collective litigation, particularly in wage and hour cases, and has been repeatedly recognized for its skilled and effective representation. *See Stiller v. Costco,* No. 09 Civ. 2473, 2010 WL 5597272 (S.D.Cal. Dec. 13, 2010) ("Sanford, Wittels & Heisler, LLP [Sanford Heisler's former name] . . . [is] experienced in employment and wage-and-hour class action litigation."); *Velez v. Novartis Pharm. Corp.,* No. 04 Civ. 09194, 2010 WL 4877852, at *10 (S.D.N.Y. Nov. 30, 2010) ("Here, Class Counsel, Sanford Wittels & Heisler LLP, has just the sort of established record contemplated by the Rules."); *Bellifemine v. Sanofi–Aventis,* No. 07 Civ. 2207, 2010 WL 3119374, at *1 (S.D.N.Y. Aug. 6, 2010) (recognizing Sanford Heisler as having "an established record of competent and successful prosecution of large . . . class actions").

17. Annexed hereto as **Exhibit A** is a listing of class cases where Sanford Heisler Sharp, LLP has served as lead or co-lead counsel.

## II.   The Settlement is Fair and Reasonable and Should Be Approved

18. Accompanying this Declaration is a Memorandum of Law that demonstrates why, under governing law, this Court should preliminarily approve the proposed Settlement and grant the relief requested in the instant Motion. For the reasons explained in the accompanying Memorandum, the Parties' Proposed Settlement falls clearly within the range of possible approval and is favorable to the Class under the circumstances; it thus warrants approval and an opportunity for Class Members to receive Notice of the proposed Settlement.

19. In the months leading up to the filing of this lawsuit, both Sanford Heisler Sharp and Dartmouth conducted extensive factual investigations of the underlying allegations in this action. Specifically, Plaintiffs' counsel reviewed more than 300 pages of investigative reports and drafts prepared by the independent investigator retained by Dartmouth; spoke with at least 36 witnesses with knowledge of the underlying allegations alleged in the Complaint; reviewed extensive records and documents provided by the Plaintiffs and witnesses; information received through Freedom of Information Act (FOIA) requests to the Department of Education and the Office for Civil Rights; policy documents, handbooks, and other publicly available information on Dartmouth's website or located through internet searches; and researched related media articles and blog or social media postings.

20. On July 24, 2019 and July 25, 2019, the Parties participated in two full days of private mediation before the Honorable Robert Morrill (Ret.), a well-known and experienced mediator familiar with New Hampshire law. The Parties continued to negotiate in-person on July 26, 2019, and remotely in the days that followed. Since the mediation, the Parties have expended significant time negotiating and finalizing the details of the settlement.

21. After extensive analysis and deliberation, the Plaintiffs and Counsel are of the opinion that the Settlement described in the Agreement is fair, reasonable, and adequate.

22. Plaintiffs face considerable risks in this matter in establishing class-wide liability and in obtaining certification of the proposed class action. Even if the Court were to grant certification, maintaining certification through trial could continue to present challenges. Dartmouth would likely move for decertification, which would result in further expense and delay.

23. Given all the potential challenges in continuing to litigate this matter and the significant degree of risk involved in proceeding forward, the immediate benefits provided to

members of the Class tell in favor of settlement. Therefore, Plaintiffs and their Counsel have determined that the Settlement is in the best interest of Plaintiffs and the Class based on all the facts and circumstances, including: the risks of litigation; the uncertainty of class certification in the absence of settlement; the enormous costs associated with continued litigation; the time necessary to achieve a final resolution through trial and any appeals and the potential for significant delay; the complexity of Plaintiffs' claims; and the vast benefits accruing to the Class under the Settlement.

24. Throughout the settlement process, Class Counsel has worked diligently to achieve a settlement that resolves collective and class claims in this matter while providing fair treatment to the Class Members and preserving Class Members' rights. The final Class Action Settlement Agreement reflects these efforts and represents a fair, reasonable, and adequate compromise.

25. Other factors supporting the fairness and reasonableness of the Settlement are more fully discussed in the accompanying Memorandum of Law.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 25, 2019

_____
David W. Sanford