# Exhibit 2

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KRISTINA RAPUANO, VASSIKI CHAUHAN, SASHA BRIETZKE, ANNEMARIE BROWN, ANDREA COURTNEY, MARISSA EVANS, JANE DOE, JANE DOE 2, AND JANE DOE 3,<br><br>  Plaintiffs,<br><br>v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>  Defendant. | Civil Action No. 1:18-cv-01070-LM |

### [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On August 6, 2019, the parties reached a settlement agreement, subject to the approval of the Court, as a result of intensive, non-collusive, arm's-length negotiations.

On September 25, 2019, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement.

On September 18, 2019, Defendant served the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715. On March 16, 2020, Defendant served a Supplemental CAFA Notice.

On January 29, 2020, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order").

On February 12, 2020, Class Counsel and the Settlement Administrator sent the Notice of Proposed Settlement of Class Action (the "Notice") as ordered.

On July 9, 2020, the Court held a fairness hearing regarding the parties' class action settlement.

1. Having considered Plaintiffs' motion, the Court hereby grants final approval of the Agreement.

2. Any term with initial capitalization that is not defined in this Order shall have the meaning provided in the Agreement.

3. The Court confirms that it has jurisdiction over this matter and the parties to it.

4. The Court hereby affirms its findings in its Preliminary Approval Order, that, for purposes of settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affectingly only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. For purposes of settlement only, the Court further affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Action as a class action, composed of the following individuals:

    A. All current and former women graduate students at Dartmouth who meet any of the following criteria:

      i. Between April 1, 2012 and August 31, 2017 were graduate advisees of one or more of Todd Heatherton, William Kelley, and/or Paul Whalen (collectively "the Three Professors");

      ii. Between April 1, 2012 and August 31, 2017 were teaching or research assistants for one or more of the Three Professors;

      iii. Were graduate students in the Psychological and Brain Sciences Department and co-authored papers with one or more of the Three Professors based on research conducted between April 1, 2012 and August 31, 2017; OR

      iv. Were graduate students in the Psychological and Brain Sciences Department between March 31, 2015 and August 31, 2017 who do not fit within categories (i)-(iii), but who attested that they experienced dignitary, emotional, educational and/or professional harm during this period as a result of the misconduct of one or more of the Three Professors.

B. All current and former women undergraduate students at Dartmouth who, between April 1, 2012 and August 31, 2017, worked as research assistants for one or more of the Three Former Professors. As used herein, "research assistants" includes individuals working on an honors thesis or independent research study in one or more of the Three Former Professors' labs.

    6. This Court finally approves the terms of the Agreement and the Plan of Allocation, the material terms of which include, but are not limited to:

A. Defendant will pay the Class Settlement Amount in the manner set forth in the Settlement Agreement;

B. Defendant will implement the programmatic relief described in Exhibit A to the Agreement.

C. Class Counsel will receive attorneys' fees of $4,900,000 from the Class Settlement Amount;

D. Class Counsel's litigation expenses ($125,756.42) will be deducted from the Class Settlement Amount;

E. Settlement administration costs incurred by the Settlement Administrator, Rust Consulting, Inc. (in an amount not to exceed $24,217.00) and the Independent Claims Expert, Maria C. Walsh, Esq. (in an amount not to exceed $85,000) will be deducted from the Class Settlement Amount;

F. The Plaintiffs will each receive service awards of $75,000 for their contributions to the litigation and their services to the Class, including incurring the risks and burdens of litigation on behalf of the Class Members;

G. The remainder of the Class Settlement Amount will be distributed to the Plaintiffs and Settlement Class Members as detailed in the Plan of Allocation;

H. The Court finds that the distribution of residual monies to The New Hampshire Coalition Against Domestic and Sexual Violence, an organization supporting and/or advocating for victims of sexual assault, is an appropriate, fair, and reasonable *cy pres* remedy. Therefore, the Court approves of the *cy pres* distribution provided for in the Settlement to The New Hampshire Coalition Against Domestic and Sexual Violence.

I. The Plaintiffs and Settlement Class Members who did not exclude themselves are bound by the terms of the Agreement, including all releases therein, and their claims are dismissed with prejudice.

7. The Court finds that the Notice, and the distribution thereof, satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of the Agreement.

8. The Court similarly finds that the Notice was adequate and gave all Settlement Class Members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of it.

9. The Court also finds that the parties' settlement, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

10. The Court further finds that the Settlement Class Members were given a fair and reasonable opportunity to object to the settlement. Zero (0) Settlement Class Members objected to the settlement. The four (4) Settlement Class Members who made valid and timely requests for exclusion are excluded from the Settlement Class and are not bound by this order.

11. This Order is binding on all Settlement Class Members, except those individuals who validly and timely excluded themselves from the Settlement Class and the Agreement.

12. This action is dismissed with prejudice as to all other issues and as to all parties and claims.

13. Upon the Effective Date, the Released Parties, as defined in the next paragraph, shall be released and forever discharged by Plaintiffs and all Settlement Class Members (except

those individuals who validly and timely excluded themselves from the Settlement Class and the Agreement) ("Releasing Parties") from any and all causes of action, judgments, liens, indebtedness, costs, damages, penalties, expenses, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "Claim"), known or unknown, arising on or before the Effective Date, that are, were or could have been asserted against any of the Released Parties by reason of or arising out of the same factual predicate as the claims that were or could have been asserted in the Litigation (namely the alleged conduct of the Three Former Professors and Defendant's alleged conduct and any related acts and omissions, including the 2017 Title IX investigation), whether any such Claim was or could have been asserted by any Releasing Party on her own behalf or on behalf of other Persons.

14. Released Parties means Defendant, and expressly includes its administrators, trustees, employees, insurers, representatives, and assigns.  The Release does not extend to claims or potential claims that any Releasing Party may possess against the Three Professors, provided that such claims may proceed only against the Three Professors personally, and any potential liability that the Released Parties may have had, or arguably had, individually or jointly and severally, for such conduct is released.

15. This Order does not, and is not intended to constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any other party in this case.  The Court has made no findings and expresses no opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this case.

16. Plaintiffs, including but not limited to the Class Representatives, and all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not bring, assert, or

prosecute any claims, actions, or causes of action that assert any of the released Claims against any of the Released Parties.

17. The Court retains continuing and exclusive jurisdiction over the parties and all matters relating to this case, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

                                                                                               _____
                                                                                               Honorable Landya B. McCafferty
                                                                                               United States District Judge
                                                                                               Date: _____